Emerson *v.* Billingsley, Appellant.

317

Argued October 7, 1968.  Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Bruce R. Martin,* for appellant.

*Kenneth W. Behrend,* with him *Behrend and Aronson,* for appellees.

OPINION BY MR. JUSTICE EAGEN, November 12, 1968:

In this action in trespass, service of the summons was made by the sheriff leaving a copy thereof with the defendant's father at their allegedly common residence.  The defendant filed preliminary objections to the complaint challenging proper venue of the action, and jurisdiction over the defendant's person.  In connection with the last mentioned objection, it was asserted that the defendant did not reside at his father's residence and that the service was therefore invalid.  For reasons which need not be discussed here, the court below dismissed the objections to the complaint on February 16, 1968.

318

On March 4, 1968, the plaintiffs caused judgment to be entered against the defendant for failure to enter an appearance in the action. The defendant then filed motions to strike or open the judgment. Rules to show cause were granted, but were vacated on April 10, 1968. On May 15, 1968, the defendant filed two appeals in this Court: (1) Appeal No. 175 from the Order below dismissing the preliminary objections to the complaint; and (2) Appeal No. 174 from the judgment entered on March 4, 1968.

## APPEAL No. 174

This appeal must be quashed. If it be considered as an appeal properly raising a question of jurisdiction under the Act of March 5, 1925, P. L. 23, §§1 and 2, 12 P.S. §§672 and 673, it was not timely filed and perfected. *Reynolds Metals Co. v. Berger,* 423 Pa. 360, 223 A. 2d 855 (1966). If it does not raise a question of jurisdiction, it is an interlocutory order from which an appeal does not lie. *Philadelphia v. William Penn Business Institute,* 423 Pa. 490, 223 A. 2d 850 (1966).

## APPEAL No. 175

The merits of this appeal need not be reached. In the written brief and at oral argument before this Court, appellees' counsel indicated his consent to having the judgment appealed from stricken. The record will be remanded for the entry of such an order.

Appeal No. 175 is quashed.

Appeal No. 174, the record is remanded to the court below for the purpose indicated.

Mr. Justice COHEN concurs in the result.

Mr. Justice MUSMANNO did not participate in the decision of this case.