333 A.2d 909

**WEST PENN POWER COMPANY, Appellee,**

v.

**Maurice K. GODDARD, Secretary of the Department of Environmental Resources and Clark L. Gaulding, Director of Bureau of Air Quality & Noise Control, Appellants.**

Supreme Court of Pennsylvania.

Argued Jan. 17, 1974.

Decided March 18, 1975.

Robert E. Yuhnke, Asst. Atty. Gen., Harrisburg, for appellants.

Rose, Schmidt & Dixon, Harold R. Schmidt, Lawrence A. Demase, Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

NIX, Justice.

The Department of Environmental Resources (Department) issued an order pursuant to § 1917–A of the Administrative Code, 1929, April 9, P.L. 177, art. XIX–A, § 1917–A, added 1970, December 3, P.L. 834, No. 275, § 20,

71 P.S. § 510–17, effective January 19, 1971 (Supp. 1974–75), directed to West Penn Power Company, appellee, relating to an alleged noise nuisance created by a transformer situated in close proximity to occupied residences. Appellee responded by filing a motion to vacate and/or dismiss order with the Environmental Hearing Board and also requested the Board to grant a stay of enforcement.

While these motions were pending, appellee filed a complaint in equity requesting a preliminary injunction in the Commonwealth Court. The complaint prayed for a restraining order to be issued against the Department and its officials, Maurice K. Goddard, Secretary of the Department of Environmental Resources, appellant, and Clark L. Gaulding, Director of Bureau of Air Quality & Noise Control, appellant. The order sought to prevent appellants from taking further action in connection with the order issued by the Department. The appellants responded by filing preliminary objections asserting, *inter alia*, that the Commonwealth Court lacked jurisdiction.

After a hearing the court issued a preliminary injunction which provided in pertinent part:

"It is hereby ordered, until final disposition of this case, the Department of Environmental Resources of the Commonwealth of Pennsylvania, its agents and employees, are enjoined from taking any further action to enforce Air Pollution Abatement Order No. 73–703; . . ."

The appellants filed with this Court a petition for a writ of prohibition directed against the Commonwealth Court and in the alternative filed an appeal from the issuance of the preliminary injunction. An answer was filed to the petition for the writ and a motion to quash, styled motion to vacate, set aside and/or quash appeal and objection to jurisdiction, was also filed. This Court entered orders (1) advancing argument, (2) directing that the motion to quash be argued at the time the merits

of the appeal were to be heard, and (3) directing that the petition for writ of prohibition be listed for argument also at the same time. The argument having been heard, the cause is now ripe for decision.

## MOTION TO QUASH

The appellee, West Penn Power Company, asserts that the appeal, brought by appellants pursuant to the Act of 1925 [1] in this instance was untimely and therefore should be quashed. We agree.

The Act of 1925, which allows questions of jurisdiction over the person of the defendant or of the cause of action to be appealed "as in cases of final judgments" originally provided that that appeal should be taken and perfected "within 15 days from the date when the decision is rendered". See Act of 1925, *supra*, § 3. The period has been extended under § 502(d) of the Appellate Court Jurisdiction Act of 1970. [2] Section 502(d) provides that the appeal "shall be filed within 20 days of its [the order's] entry." The threshold question to be resolved is the determination of the critical date from which the 20-day period is to be computed under the facts of this case. Appellants filed preliminary objections to the complaint in equity [3] which challenged the jurisdiction of the Chancellor to act upon the prayer of the complaint. [4] The

1. 1925, March 5, P.L. 23, § 1 et seq., 12 P.S. § 672 et seq.

2. 1970, July 31, P.L. 673, No. 223, art. V, § 502(d), 17 P.S. § 211.-502(d) (Supp.1974–75).

3. Initially, the Act of 1925, *supra*, § 2, provided that the question of jurisdiction should be raised by a rule to show cause. This procedure has since been superseded by virtue of Pa.R.Civ.Proc. 1451(b) and 1017(b)(1), 12 P.S. Appendix. Under our present practice, jurisdictional questions are raised by preliminary objections filed to the complaint.

4. We need not determine whether the objections in fact raised jurisdictional issues, in view of our decision in this matter, for if it was decided that the issues raised by the preliminary objections did not go to the jurisdiction of the court, the same result would obtain. *Emerson v. Billingsley*, 432 Pa. 316, 247 A.2d 472 (1968).

Chancellor, although issuing the preliminary injunction set forth, *infra*, did not specifically rule upon appellants' preliminary objections. The statute is, however, explicit in its requirement that where an issue has been framed questioning the jurisdiction of a court to act, this issue must be resolved before the court can proceed to dispose of the merits. Act of 1925, *supra*, § 1. We therefore conclude that the order of the court, granting the request for a preliminary injunction was, in fact, a denial of appellants' motions attacking jurisdiction. The assumption of jurisdiction is at least an implicit ruling that the court has the jurisdiction to act in the matter. This order was entered and docketed on September 26, 1973.

 We have stated on a number of occasions the time for taking an appeal cannot be extended as a matter of grace. *Dixon Estate*, 443 Pa. 303, 279 A.2d 39 (1971); *Hanna Estate*, 367 Pa. 337, 80 A.2d 740 (1951). The extension of a statutory period providing for the period of time during which an appeal may be filed is only justified when there is fraud or some breakdown in the court's operation. *Purdy Estate*, 447 Pa. 439, 291 A.2d 93 (1972); *Nixon v. Nixon*, 329 Pa. 256, 198 A. 154 (1938).

 Appellants first argue that September 26, 1973, should not be considered the critical date because, although the order granting the injunction was filed and docketed on this date, the bond, which was necessary for that order to become effective, was not entered at that time. This argument is predicated upon the assumption that the crucial time is the date that the restraining or-

"This appeal must be quashed. If it be considered as an appeal properly raising a question of jurisdiction under the Act of . . . 1925, . . . ., it was not timely filed and perfected. *Reynolds Metals Co. v. Berger*, 423 Pa. 360, 223 A.2d 855 (1966). If it does not raise a question of jurisdiction, it is an interlocutory order from which an appeal does not lie. *Philadelphia v. William Penn Business Institute*, 423 Pa. 490, 223 A.2d 850 (1966)." *Id.* at 318, 247 A.2d at 473.

der became effective and not the date of its entry. Under the terms of the court's order and pursuant to Pa.R. Civ.Proc. 1531(b), the restraining order was not to become effective until the bond required was approved by the court. The filing of an approved bond occurred on October 1, 1973. We must disagree with appellants' premise. If this were an appeal from the restraining order itself, the argument *might be* more persuasive. Here, however, our concern is the denial of the preliminary objections. Under the Act of 1925, our inquiry is limited to the question of jurisdiction and the ineffectiveness of the court action for any other reason is immaterial. *Emerson v. Billingsley, supra; Studio Theaters, Inc. v. Washington,* 418 Pa. 73, 309 A.2d 802 (1965). The operative event was the determination that the court had jurisdiction. Whether or not that order might have been ineffective for another reason would not prevent an appeal as to the propriety of the court's decision that it had the power to act.

Further, in all of our cases where the statutory language has referred to the date of the entry of the order, the Court has interpreted this requirement to refer to the date the order was filed and docketed as of record.[5] *Sanders Appeal,* 454 Pa. 350, n. 3, 312 A.2d 414, n. 3 (1973); *Burdett Oxygen Co. v. I. R. Wolfe & Sons, Inc.,* 433 Pa. 291, 249 A.2d 299 (1969). Contradictory to appellants' present position that the critical date was the date of the filing of an approved bond, is our decision in *Surco Products Inc. v. Kieszek,* 367 Pa. 516, 80 A.2d 842 (1951). In that decision, we entertain an appeal from the issuance of a preliminary injunction even though the bond had not been entered at the time of the filing of the appeal. There this Court was called upon to determine

5. *Commonwealth v. Horner,* 449 Pa. 322, 296 A.2d 760 (1972), is not inapposite to this general rule. There the Court found a breakdown in the court's operation as a result of the serving of an inaccurate notice and therefore in accordance with one of the recognized exceptions, refused the motion to quash.

whether the preliminary injunction should have been issued. In that case the appeal was pursuant to the Act of 1866, February 14, P.L. 28, § 1, 12 P.S. § 1101. Clearly, if we permit a court to review the propriety of the restraining order itself where no bond has been filed, an implicit order denying the preliminary objections based on jurisdiction must be cognizable although the bond has not been filed.

The appellants also cite Supreme Court Rule 19, subd. A as support for their position. This rule provides:

> "No judgment, sentence, order or decree shall be appealable until it has been entered upon the appropriate docket in the court below."

We believe to the contrary that this rule is consistent with the views expressed in this opinion. The appellants would have us read into the rule that the filing of an approved bond had to be docketed. However, the rule expressly requires only that the "judgment, sentence, order or decree" being appealed from be properly docketed in the court below.

Lastly, appellants have also attempted to establish a breakdown in the court's machinery by asserting that they were provided inaccurate information by the clerk's office as to the date that the approved bond was filed.[6] This testimony, however, is irrelevant since it is clear that they were advised of the correct date that the order was filed and docketed in the court below.

It therefore being clearly established that the order appealed from was filed on September 26, 1973, and the ap-

6. The appellants assert that the certified copy of the docket entries obtained on October 5, 1974, failed to contain any reference to the filing of an approved bond. On October 12, 1973, appellants again contacted the clerk's office to ascertain whether the bond had been filed and was advised that it had not been. It is further asserted that on October 16, 1973, when appellants communicated with the clerk's office they were, for the first time, informed that the bond had been approved and filed on October 1, 1973, and that the failure of the record to reflect this fact was due to an error in the office of the clerk.

peal taken on October 30, 1973, a period well in excess of the 20-day limit and there being no showing of either fraud or breakdown of the court's machinery in this regard, the motion to quash must be sustained.

## WRIT OF PROHIBITION

We also have before us a petition for writ of prohibition directed against the Commonwealth Court for disposition. This petition substantially raises the same issues as to the merits as was raised in the appeal. However, before addressing the merits, we must first determine whether this is a proper subject for this type of writ. In *Carpentertown Coal & Coke Co. v. Laird*, 360 Pa. 94, 61 A.2d 426 (1948), we set forth the guidelines as to when a writ of prohibition could properly issue:

"The writ of prohibition is one which, like all other prerogative writs, is to be used only with great caution and forbearance and as an extraordinary remedy in cases of extreme necessity, to secure order and regularity in judicial proceedings if none of the ordinary remedies provided by law is applicable or adequate to afford relief. It is a writ which is not of absolute right but rests largely in the sound discretion of the court. It will never be granted where there is a complete and effective remedy by appeal, certiorari, writ of error, injunction, or otherwise. See *First Congressional District Election*, 295 Pa. 1, 13, 144 A. 735, 739, 740, and cases referred to in the dissenting opinion in *Philadelphia County Grand Jury Investigation Case*, 347 Pa. 316, 330–334, 32 A.2d 199, 206–208; also *Roche, U. S. District Judge v. Evaporated Milk Association*, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185; *United States Alkali Export Association, Inc., v. United States*, 325 U.S. 196, 65 S.Ct. 1120, 89 L.Ed. 1554. As pointed out in the last cited authority (p. 203 of 325 U.S., 65 S.Ct. p. 1120), 'appellate courts are reluctant to interfere with decisions of lower courts, even

on jurisdictional questions, which they are competent to decide and which are reviewable in the regular course of appeal . . . . The [extraordinary] writs may not be used as a substitute for an authorized appeal.' " *Id.* at 102, 61 A.2d at 430.

See also, *Commonwealth ex rel. Spector v. Shiomos,* 457 Pa. 104, 320 A.2d 134 (1974); *In re: Petition of Arlen Spector,* 455 Pa. 518, 317 A.2d 286 (1974); *Commonwealth v. Caplan,* 411 Pa. 563, 192 A.2d 894 (1963).

■ In this case, clearly there was an opportunity to raise the issue by way of direct appeal under the Act of 1925. The mere fact that appellants lost this right because of their failure to prosecute that appeal within the prescribed time, is not a basis for seeking an extraordinary remedy provided by a writ of prohibition.

Therefore, the petition for writ of prohibition is denied.

Accordingly, the appeal from the action of the court below is quashed and the petition for writ of prohibition is denied.