**Robinson v. Yue**

*Raymond M. Billy,* for plaintiffs.
*Paul Gambone,* for defendants.

HODGSON, *P.J.,* November 19, 2008—Plaintiffs, Charles and Dorothy Robinson, appeal to the Superior Court from our order dated September 26, 2008 granting defendant, Timothy Yue's, motion for leave to appeal nunc pro tunc.

## FACTS AND PROCEDURAL HISTORY

On November 21, 2007, an arbitration award in the amount of $10,000 was entered in favor of Dorothy and Charles Robinson (plaintiffs) against Timothy and David Yue (defendants). Soon thereafter, on December 18, 2007, within 30 days from the date the judgment was entered, defendants mailed their notice of appeal to the Montgomery County Prothonotary's office, failing to include with it, however, stamped and addressed envelopes pursuant to Pennsylvania Rule of Civil Procedure 1308(b). As a result, the notice of appeal was never docketed. The prothonotary returned the notice of appeal to defendants, who subsequently received it on December 21. That same day, an administrative assistant for defendants' attorney re-sent the notice of appeal, which was eventually docketed on December 26, 2007. Plaintiffs aver that this rendered the appeal untimely.

On January 17, 2008, defendants filed a motion for leave to appeal nunc pro tunc. In response, on March 19, 2008, plaintiffs filed a motion to quash said appeal. Ultimately, on September 26, 2008, this court granted defendants' motion. On October 13, 2008, plaintiffs filed a motion for reconsideration, which was subsequently denied on October 17, 2008. Soon thereafter, plaintiffs filed this instant appeal to the Pennsylvania Superior Court and filed a concise statement of matters complained of with this court on November 3, 2008 in accordance with Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure.

## DISCUSSION

On appeal, plaintiffs argue that by granting defendants leave to appeal nunc pro tunc, this court abused its discretion and committed an error of law. It is plaintiffs' contention that the prothonotary is not required to file documents that do not comply with the Pennsylvania Rules of Civil Procedure. Further, plaintiffs aver that since defendants failed to supply stamped and addressed envelopes with their notice of appeal before December 21, 2007, they failed to comply with the Pennsylvania Rules of Civil Procedure, and as such, the prothonotary correctly refused to docket the appeal.

Regarding plaintiffs' principal argument, this court's order granting defendants' motion for leave to appeal nunc pro tunc, was judicially proper. Rule 1308 of the Pennsylvania Rules of Civil Procedure provides in pertinent part:

"(a) An appeal from an award shall be taken by

"(1) filing a notice of appeal in the form provided by Rule 1313 with the prothonotary of the court in which the action is pending not later than 30 days after the day on which the prothonotary makes the notation on the docket that notice of entry of the arbitration award has been provided as required by Rule 1307(a)(3), and

"(2) payment to the prothonotary of the compensation of the arbitrators not exceeding 50 percent of the amount in controversy, which shall not be taxed as costs or be recoverable in any proceeding; provided that the court, in an appropriate case, upon petition may permit the appellant to proceed in forma pauperis.

"(b) The appellant shall provide the prothonotary with the required notice for mailing and properly stamped and addressed envelopes. The prothonotary shall give notice to each other party of the taking of the appeal. Failure to give the notice shall not invalidate the appeal."

As clearly indicated by the rule, in order for an appeal from an arbitration award to be timely, the prothonotary of the court must receive notice of appeal within 30 days from the date it is noted on the docket that an arbitration award has been entered. Pa.R.C.P. 1308(1); *Criss v. Wise,* 566 Pa. 437, 781 A.2d 1156 (2001).

Where a party has filed an untimely notice of appeal, said party may be granted equitable relief in the form of an appeal nunc pro tunc in situations where the failure to file a notice of appeal was the result of fraud or a breakdown in the court's operations. *West Penn Power Co. v. Goddard,* 460 Pa. 551, 556, 333 A.2d 909, 912 (1975). Such an appeal is permitted where the appellant proves the following: "(1) the appellant's notice of appeal

was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay." *Criss v. Wise,* 566 Pa. at 442, 781 A.2d at 1159, citing *Bass v. Commonwealth, Bureau of Corrections,* 485 Pa. 256, 401 A.2d 1133 (1979). Plaintiffs argue that this court committed an error of law by granting an appeal nunc pro tunc because defendants' untimely filing was not due to fraud or a breakdown in the court's operation but rather was the result of negligence; an omission which indicated a blatant disregard for the procedural requirements governing the filing of an appeal.

Plaintiffs' argument is misplaced because defendants' notice of appeal was timely. As such, the analysis articulated in *Goddard* need not be undertaken. In the explanatory comments that follow Rule 1308, the authors explain that the legislative intent behind Rule 1308 was to simplify the form of appeal. Specifically, the comment states: "a simple notice of appeal substantially in the form prescribed by Appellate Rule 904 is all that is now required. The form appears in Rule 1313." Thus, Rule 1313 alone governs the form the notice of appeal shall take.

Specifically, Rule 1313 provides: "The notice of appeal shall be in substantially the following form: . . . ." The rule then goes on to supply a form template for litigants to use. Nowhere in Rule 1313 or the explanatory comments that follow it, is there any indication that stamped and addressed envelopes are a requirement of the notice

of appeal itself. Pursuant to Rule 1313, all that is required is for the appellant to indicate whether a jury trial is demanded and to certify that the compensation for the arbitrators has been paid. A review of the record reveals that defendants complied precisely with Rule 1313, and thus, supplied the prothonotary with the correct notice of appeal during the requisite time period.

Furthermore, if envelopes are necessary to perfect an appeal, and not just a procedural addendum, arguably the legislature would have included this requirement as a separate subdivision under Rule 1308(a). Looking at the grammatical construction of the rule itself, subdivision (a) provides: "An appeal from an award shall be taken by," then a list of requirements follow that correspond to subsection (a). The plain meaning of the rule's language suggests that all that is required to appeal an arbitration award is what is listed under subdivision (a), namely: Rule 1308(a)(1) filling a notice of appeal in the form provided by Rules 1313 and 1308(a)(2) payment to the prothonotary of the compensation of the arbitrators. The envelope requirement, separately delineated by subdivision (b), is not a prerequisite to perfect an arbitration appeal as those requirements are listed under subdivision (a) as previously discussed.

The explanatory comments to Rule 1308 provide further enlightenment on this issue. Referencing subdivision (b) the authors noted:

"Subdivision (b) changes prior practice under existing local rules which require the appellant to serve a copy of the appeal on all other parties to the action. It requires the prothonotary to give the notice, which the appellant

must furnish him, postage prepaid." Pa.R.C.P. 1308 cmt. subdivision (b) (1981).

This clarification indicates that the legislative intent and purpose behind the envelope requirement is to supply all interested parties with proper notice of the appeal. Although defendants failed to provide envelopes with their first notice of appeal, the record indicates that they did personally notify plaintiffs of their intent to seek an appeal. During deposition, Alexandra Stauffer, an administrative assistant at defendants' counsel's firm, testified that she personally mailed the notice of appeal to opposing counsel. (N/T, deposition of Alexandra Stauffer, 4/16/08 at 15-17, 42.) As such, the purpose behind Rule 1308(b), namely to supply notice of the taking of an appeal to all interested parties, was accomplished. Furthermore, Rule 1308(b) goes on to state that: "The prothonotary shall give notice to each other party of the taking of the appeal. Failure to give the notice does not invalidate the appeal."

Regarding plaintiffs' argument that defendants' appeal was untimely filed because it was not docketed until December 26, 2007, Pennsylvania law provides that a document is filed when received by the prothonotary, regardless of when it is later time-stamped. The Pennsylvania Superior Court in *Griffin v. Central Sprinkler Corporation,* held:

"[T]he term 'filing' is not the equivalent of either the prothonotary's time-stamping of a document or the recording of receipt on the docket . . . . [T]he term 'file' cannot be completely equated with the purely ministerial act of docketing the receipt of a legal document . . . .

[D]ocuments mailed to the prothonotary or other office are deemed filed when '*received* by the appropriate officer.'... Clearly then, under Pa.R.C.P. 205.1, a document is filed when received by the prothonotary, regardless of when it is later time-stamped." 823 A.2d 191, 196-97 (Pa. Super. 2003). (emphasis in original)

An analogous fact pattern, to the case before this court, can be found in *Amicone v. Rok,* 839 A.2d 1109 (Pa. Super. 2003). In *Rok,* plaintiff filed a complaint against defendant for vehicular damage and a district justice ultimately entered judgment in favor of defendant on October 15, 2002. From the date the judgment was entered, plaintiff had 30 days to file an appeal with the court of common pleas. On November 12, 2002, the prothonotary's office received plaintiff's notice of appeal but did not docket it. Rather, it returned the filing on the basis that no cover sheet had been provided. Approximately four months later, on March 26, 2003, plaintiff filed a motion to appeal nunc pro tunc. The Superior Court found plaintiff's original appeal timely since a "document is filed when it arrives at the prothonotary's office, regardless of the date the document is time-stamped."[1] *Id.* at 1115, citing *Nagy v. Best Home Services Inc.,* 829 A.2d 1166, 1169 (Pa. Super. 2003).

The Superior Court went on to hold, that although the prothonotary must inspect documents to ensure that they

---

1. Ultimately, plaintiffs' petition to file an appeal nunc pro tunc was denied because the petition was not filed for four months after the prothonotary's office rejected the first filing. In the case before this court, however, less than one month had elapsed between the date the prothonotary originally rejected the notice of appeal and the date defendants filed a motion to appeal nunc pro tunc.

are in the proper form, "the power to reject such documents is limited to notifying the proper party that the document is defective so that the defect may be corrected through amendment or addendum." *Id.* at 1115. To hold otherwise, "would be to confer on the prothonotary the power to 'implement' the rules governing the form of an appeal and to determine, based upon criteria other than the date they are received, which appeals are timely. Such a power is inconsistent with our Supreme Court's pronouncement that a document is filed when the prothonotary receives it." *Id.*

Similarly in the instant case, defendants' notice of appeal was originally filed on December 18, 2007, yet returned to defendants' counsel on December 21, 2007. (N/T, deposition of Alexandra Stauffer, 4/16/08 at 28.) This indicates that the prothonotary received the notice within the 30-day appeal period which expired on December 21, 2007. Therefore, notwithstanding the fact that the appeal did not include envelopes, said notice must be considered timely filed since it was physically received by the prothonotary.

Lastly, pursuant to Pennsylvania Rule of Civil Procedure 126, Rule 1308 should be "liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. 126. Thus, even if defendants' failure to include envelopes with their notice of appeal was a procedural error, such error should be disregarded because it does not affect plaintiffs' substantive rights.