J-A26009-15
J-A26010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PEOPLESBANK, A CODORUS VALLEY COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| KAREN HOLLAND AND THE KAREN HOLLAND IRREVOCABLE TRUST | |
| Appellee | No. 453 MDA 2015 |

Appeal from the Order Entered on February 19, 2015
In the Court of Common Pleas of York County
Civil Division at No.: 2013-SU-302-06

| | |
|---|---|
| PEOPLESBANK, A CODORUS VALLEY COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| KAREN HOLLAND AND THE KAREN HOLLAND IRREVOCABLE TRUST | |
| Appellee | No. 454 MDA 2015 |

Appeal from the Order Entered on February 19, 2015
In the Court of Common Pleas of York County
Civil Division at No.: 2013-SU-301-06

| | |
|---|---|
| PEOPLESBANK, A CODORUS VALLEY COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| KAREN HOLLAND, THE KAREN HOLLAND | |

J-A26009-15
J-A26010-15

| | |
|---|---|
| IRREVOCABLE TRUST, AND DAVID STARR | |
| Appellee | No. 1111 MDA 2014 |

Appeal from the Order Entered on June 27, 2014
In the Court of Common Pleas of York County
Civil Division at No.: 2013-SU-000301-06

| | |
|---|---|
| PEOPLESBANK, A CODORUS VALLEY COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| KAREN HOLLAND, THE KAREN HOLLAND IRREVOCABLE TRUST, AND DAVID STARR | |
| Appellee | No. 1147 MDA 2014 |

Appeal from the Order Entered on June 27, 2014
In the Court of Common Pleas of York County
Civil Division at No.: 2013-SU-000302-06

BEFORE:  FORD ELLIOTT, P.J.E., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY WECHT, J.:             **FILED DECEMBER 15, 2015**

PeoplesBank, a Codorus Valley Company ("PeoplesBank") appeals the

June 27, 2014 orders granting David Starr's exceptions to the proposed

schedules of distribution in these consolidated mortgage foreclosure actions.

PeoplesBank also appeals the trial court's February 19, 2015 order denying

_____

[*]     Retired Senior Judge assigned to the Superior Court.

- 2 -

PeoplesBank's motion for *nunc pro tunc* relief. Because we find no legal error or abuse of discretion in the latter, we do not reach the former. Thus, we affirm.

To resolve this case in its current procedural posture, we need not recount the underlying facts or allegations in detail. In 2013, PeoplesBank litigated two separate mortgage foreclosure actions against the Karen Holland Irrevocable Trust ("the trust"). PeoplesBank obtained final judgments in those actions, and the properties were sold at a sheriff's sale in December 2013. Following the sale, a mechanic's lien claimant, David Starr, filed exceptions to the proposed schedules of distribution. According to Starr, PeoplesBank's mortgages were invalid because only two of the trust's three trustees had signed them. On June 27, 2014, the trial court entered orders sustaining Starr's exceptions in each of the actions. The trial court agreed that PeoplesBank's mortgages were void, and held that Starr had first priority to the sale's proceeds.

On July 3, 2014, PeoplesBank timely filed notices of appeal from the trial court's June 27, 2014 orders.[1] On July 10, 2014, the trial court ordered PeoplesBank to file concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Although PeoplesBank timely served copies of its 1925(b) statement upon opposing counsel and the trial judge, it failed

---

[1] We docketed those appeals at 1111 MDA 2014 and 1147 MDA 2014.

to file the same with the prothonotary. On August 6, 2014, the trial court filed a Pa.R.A.P. 1925(a) opinion.

On January 16, 2015, this Court *sua sponte* remanded the cases back to the trial court because we could not determine whether PeoplesBank timely filed Rule 1925(b) statements. We explained as follows:

> Although the trial court quotes PeoplesBank's 1925(b) statement in its Rule 1925(a) opinion, the statement is not contained within the certified record. Nor is there any indication on the trial court's docket that PeoplesBank ever filed its Rule 1925(b) statements. In addition, this Court was unable to obtain a copy of PeoplesBank's Rule 1925(b) statement through informal inquiry.
>
> * * *
>
> Based upon our review of the record, we cannot discern if there is a valid explanation for PeoplesBank's Rule 1925(b) statement being discussed by the trial court in its opinion, but not existing in the certified record. Accordingly, pursuant to Rule 1925(c)(1), we remand this case to the trial court. The trial court shall make a determination as to whether such statement was timely filed or whether, due to a breakdown in court operations or other extraordinary circumstances, *nunc pro tunc* relief is warranted. **See** Pa.R.A.P. 1925(b)(2) (stating, "[i]n extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*[]"). Once the certified record is returned to this Court, the Prothonotary shall list this case before the next available oral argument panel.

Order, 1/16/2015, at 2-4 (footnote omitted).

On February 17, 2015, PeoplesBank filed a motion for *nunc pro tunc* relief. On February 19, 2015, the trial court held a hearing to determine whether PeoplesBank should be permitted to file its 1925(b) statement *nunc pro tunc*. At that hearing, counsel for PeoplesBank explained why the

- 4 -

certified record did not contain PeoplesBank's 1925(b) statement. According to counsel, a "relatively new" paralegal in his office "kind of made a mistake." Notes of Testimony ("N.T."), 2/19/2015, at 10, 12. The paralegal mailed two copies of PeoplesBank's 1925(b) statement to the trial court, one of which she should have filed with the Prothonotary. Counsel further explained that the paralegal was under extreme stress at the time because the Pennsylvania State Police had arrested her for driving under the influence ("DUI") about a week earlier, and she was afraid that she would lose her job as a result.

PeoplesBank argued that these facts constitute "extraordinary circumstances," and that the trial court should grant PeoplesBank *nunc pro tunc* relief. **See** Pa.R.A.P. 1925(b)(2) (stating that, "[i]n extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*[]"). At the conclusion of the hearing, the trial court denied PeoplesBank's motion for *nunc pro tunc* relief.

On March 11, 2015, PeoplesBank timely filed a notice of appeal. The trial court did not order PeoplesBank to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

PeoplesBank presents one issue in its appeal from the trial court's February 17, 2015 order: "Whether the trial court abused its discretion in refusing to permit PeoplesBank to file its 1925(b) statement *nunc pro tunc* because the procedural misstep by prior counsel constitutes non-negligent

circumstances and does not warrant the total loss of PeoplesBank's appellate rights?" Brief for PeoplesBank at 4.

The denial of an appeal *nunc pro tunc* is within the sound discretion of the trial court, and we will only reverse for an abuse of that discretion. ***Freeman v. Bonner****,* 761 A.2d 1193, 1194 (Pa. Super. 2000). "An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, or ill will." ***U.S. Bank N.A. v. Mallory***, 982 A.2d 986, 994 (Pa. Super. 2009).

It is well settled that the untimely filing of a 1925(b) statement, regardless of the length of the delay, generally results in waiver of all issues on appeal. ***See Commonwealth v. Castillo***, 888 A.2d 775, 776 (Pa. 2005). In ***Commonwealth v. Hill***, 16 A.3d 484 (Pa. 2011), our Supreme Court summarized and reiterated the consequences of failing to file a timely concise statement:

> Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule. We yet again repeat the principle first stated in ***Commonwealth v. Lord***, 719 A.2d 306 (Pa. 1998),

> that must be applied here: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." 719 A.2d at 309.

*Id.* at 494 (citation modified). Moreover, the mandate of Rule 1925(b) is not satisfied when an appellant merely serves the trial judge with a copy of his or her concise statement, but fails to file it with the clerk of courts.

*Commonwealth v. Butler*, 812 A.2d 631, 634 (Pa. 2002).

Even after the Supreme Court's decision in *Lord*, narrow exceptions to Rule 1925(b) waiver remain. The case *sub judice* implicates one such exception. PeoplesBank does not dispute that it failed to file a concise statement with the York County Prothonotary. Instead, PeoplesBank argues that the trial court should have granted it equitable relief in the form of the filing of a Rule 1925(b) statement *nunc pro tunc*. *See* Brief for PeoplesBank at 14.

Our Supreme Court has characterized the purpose of *nunc pro tunc* restoration of appellate rights as follows:

> Allowing an appeal *nunc pro tunc* is a recognized exception to the general rule prohibiting the extension of an appeal deadline. This Court has emphasized that the principle emerges that an appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances. Generally, in civil cases an appeal *nunc pro tunc* is granted only where there was fraud or a breakdown in the court's operations through a default of its officers.

*Union Elec. Corp. v. Bd. Of Prop. Assessments, Appeals & Review of Allegheny Cty.*, 746 A.2d 581, 584 (Pa. 2000) (citations and internal quotation marks omitted).

> Initially, an appeal *nunc pro tunc* was limited to circumstances in which a party failed to file a timely notice of appeal as a result of fraud or a breakdown in the court's operations. *West Penn Power Co. v. Goddard*, 333 A.2d 909, 912 (Pa. 1975) (the time for taking an appeal will not be extended as a matter of grace or mere indulgence). In *Bass v. Commonwealth Bureau of Corrections*, 401 A.2d 1133 (Pa. 1979), however, [the Pennsylvania Supreme] Court found that where an appellant, an appellant's counsel, or an agent of appellant's counsel has failed to file a notice of appeal on time due to non-negligent circumstances, the appellant should not lose his day in court. *Id.* at 1135. Therefore, the *Bass* Court expanded the limited exceptions for allowing an appeal *nunc pro tunc* to permit such an appeal where the appellant proves that: (1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay. *See id.* at 1135-36 (allowing appellant to appeal *nunc pro tunc* where appeal was filed four days late because appellant's attorney placed the notice of appeal on the desk of the secretary responsible for ensuring that appeals were timely filed and the secretary became ill and left work, not returning until after the expiration of the period for filing an appeal); *see also Cook v. Unemployment Comp. Bd. of Review*, 671 A.2d 1130, 1132 (Pa. 1996) (granting appeal *nunc pro tunc* where claimant filed appeal four days late because he was hospitalized).

*Criss v. Wise*, 781 A.2d 1156, 1159-60 (Pa. 2001).

Although *Bass* and its progeny appertained to a party's failure to file a timely notice of appeal, the Supreme Court has extended *Bass*'s "non-negligent circumstances" exception to apply equally when a party fails to file

a timely concise statement. In 2007, the Pennsylvania Supreme Court amended our Rules of Appellate Procedure. Among other changes, the Court added Rule 1925(b)(2), which provides that, "[i]n extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*." Pa.R.A.P. 1925(b)(2). The commentary to this provision explains as follows:

> In general, *nunc pro tunc* relief is allowed only when there has been a breakdown in the process constituting extraordinary circumstances. ***See, e.g., In re Canvass of Absentee Ballots of Nov. 4, 2003 Gen. Election***, 843 A.2d 1223, 1234 (Pa. 2004) ("We have held that fraud or the wrongful or negligent act of a court official may be a proper reason for holding that a statutory appeal period does not run and that the wrong may be corrected by means of a petition filed *nunc pro tunc*.")[.] Courts have also allowed *nunc pro tunc* relief when "non-negligent circumstances, either as they relate to appellant or his counsel" occasion delay. ***McKeown v. Bailey***, 731 A.2d 628, 630 (Pa. Super. 1999). However, even when there is a breakdown in the process, the appellant must attempt to remedy it within a "very short duration" of time. ***Id.***; ***Amicone v. Rok***, 839 A.2d 1109, 1113 (Pa. Super. 2003) (recognizing a breakdown in process, but finding the delay too long to justify *nunc pro tunc* relief).

Pa.R.A.P. 1925(b)(2) cmt.

PeoplesBank argues that the trial court abused its discretion in denying *nunc pro tunc* relief because, as in ***Bass***, non-negligent circumstances occasioned its filing delay. We disagree.

Most recently, in ***Criss***, our Supreme Court revisited the non-negligent circumstances exception and limited it to unique and compelling cases where the appellant clearly established that he attempted to file an appeal, but unforeseeable and unavoidable events prevented him from doing so. ***Criss***,

781 A.2d at 1160. There, counsel mailed her notice of appeal to the Prothonotary approximately six days before the expiration of the appeal period. Nevertheless, the notice of appeal arrived at the Prothonotary's office two days late. The trial court denied counsel's petition for *nunc pro tunc* relief. On appeal, the Supreme Court held that "delays in the U.S. mail are both foreseeable and avoidable, Appellee's failure to anticipate a potential delay in the mail was not such a non-negligent circumstance for which an appeal *nunc pro tunc* may be granted." **Id.**

The case *sub judice* is analogous to **Criss**. PeoplesBank's attempt to file its 1925(b) statement was not thwarted by an unforeseeable and non-negligent event. Whereas a sudden illness is serendipitous, **see Bass**, *supra*, depositing paperwork into the wrong envelope bespeaks negligence. Counsel emphasizes that his paralegal was under "extreme emotional stress" following her DUI related arrest. **See** Brief for PeoplesBank at 16. But, this is irrelevant. The paralegal's arrest and/or her residual anxiety following it did not physically preclude her from correctly addressing an envelope to the Prothonotary, while still allowing her to address an envelope to the trial judge. **See Criss**, 781 A.2d at 1160 ("The exception . . . is meant to apply only in unique and compelling cases in which the appellant has clearly established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so."). Furthermore, a DUI related arrest is neither unforeseeable nor unavoidable. **See id.**; **compare Bass**, 401 A.2d at 1135 ("This principle can be illustrated by

assuming that an attorney, while on his way to the Prothonotary's Office to file an appeal has an unexpected heart attack[.]"). PeoplesBank's broad reading of the non-negligent circumstances exception would swallow the rule that the untimely filing of a 1925(b) statement results in waiver of all issues on appeal.[2] ***See Castillo***, 888 A.2d at 776.

PeoplesBank has failed to demonstrate that its failure to file a concise statement was the result of anything other than negligence on the part of counsel and/or his staff. Accordingly, the trial court did not err or abuse its discretion in denying PeoplesBank's motion for *nunc pro tunc* relief. To hold otherwise would create, as Justice Samuel Roberts warned in his dissenting opinion is ***Bass***, "a new and unnecessary layer of delay, mandating a special

---

[2] Even if PeoplesBank could demonstrate that non-negligent circumstances prevented it from filing a concise statement, its claim still would be without merit. Rule 1925 makes clear that *nunc pro tunc* relief should be granted only when an appellant attempts to remedy his or her failure within "a very short duration of time." Pa.R.A.P. 1925(b)(2) cmt. Here, we *sua sponte* alerted the parties to PeoplesBank's missing 1925(b) statement more than five months after PeoplesBank failed to comply with the trial court's concise statement order. ***See*** Order, 1/16/2015, at 2-4. Prior to our order, PeoplesBank made no effort to remedy its failure. Instead, PeoplesBank submitted a civil docketing statement to this Court, wherein it incorrectly stated that it had filed its Rule 1925(b) statement with the Prothonotary on July 21, 2014. ***See*** Superior Court Docketing Statement, 1111 MDA 2014, 7/23/2014, at 1. Thereafter, PeoplesBank submitted two revised docketing statements. Therein, PeoplesBank incorrectly stated that it had filed its Rule 1925(b) statement with the Prothonotary on August 22, 2014. ***See*** Superior Court Docketing Statement, 1111 MDA 2014, 8/27/2014, at 1; Superior Court Docketing Statement, 1147 MDA 2014, 8/27/2014, at 1. To this day, PeoplesBank has not filed a copy of its Rule 1925(b) statement with the Prothonotary.

inquiry whenever an appeal is untimely filed." **Bass**, 401 A.2d at 1137 (Roberts, J., dissenting).

Because we conclude that the trial court did not err or abuse its discretion in denying PeoplesBank's motion for *nunc pro tunc* relief, we do not reach the merits of the appeals docketed at 1111 MDA 2014 and 1147 MDA 2014. **See Castillo**, 888 A.2d at 776 (holding that the untimely filing of a 1925(b) statement, regardless of the length of the delay, generally results in waiver of all issues on appeal).

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2015