J-A04032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: DORA MAE BLACK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: DORA MAE BLACK | |
| | No. 2068 WDA 2014 |

Appeal from the Order December 5, 2014
In the Court of Common Pleas of Greene County
Criminal Division at No(s): CP-30-MD-0000152-2014

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and SHOGAN, J.

MEMORANDUM BY SHOGAN, J.:                **FILED APRIL 12, 2016**

This is an appeal from the December 5, 2014 order of the Greene County Court of Common Pleas denying an appeal *nunc pro tunc* to Appellant, Dora Mae Black.  For the reasons that follow, we reverse and remand.

The record reveals the following:  On October 28, 2014, a magisterial district judge found Appellant guilty of the summary offense of criminal mischief and sentenced her to five days in jail.  N.T., 12/5/14, at 3. Subsequently, Appellant sought representation by the Greene County Public Defender for the purpose of filing an appeal.  *Id*.; Petition to Appeal *Nunc Pro Tunc* ("Petition"), 12/5/14, at ¶ 3.  When the Greene County Public Defender discovered a conflict due to that office's representation of Appellant's co-defendant, the case was referred to conflict counsel.  N.T.,

12/5/14, at 3, 4–5.  When conflict counsel also had a conflict with the case, the matter returned to the Greene County Public Defender.  *Id*. at 5.

On Monday, November 24, 2014, during "the evening hours," the public defender's office requested Attorney David J. Russo, who is present appellate counsel, to serve as conflict counsel.  Petition, 12/5/14, at ¶ 4; N.T., 12/5/14, at 5.  The appointment order is dated November 26, 2014. Order, 11/26/14.  Appellant contends that Attorney Russo was unable to file a timely appeal.

On December 5, 2014, in the Greene County Court of Common Pleas motions court, Attorney Russo presented a Petition to Appeal *Nunc Pro Tunc* and To Stay Sentence "until after the appeal has been heard."  Petition, 12/5/14, at ¶ 7.  Following argument by Attorney Russo and the Commonwealth, the common pleas court denied the appeal *nunc pro tunc*. Thereafter, also on December 5, 2014, Appellant filed a notice of appeal to this Court.  Notice of Appeal, 12/5/14.  The common pleas court granted Appellant a stay of her sentence "upon consideration of the . . . Notice of Appeal taken with the Superior Court of Pennsylvania."  Order, 12/5/14. The common pleas court did not order the filing of a statement of errors pursuant to Pa.R.A.P. 1925 (b), and none was filed.

Appellant raises the following issues on appeal:

    I.    When a defendant timely files an application with the public defender[']s office and is elidgible [sic] for sevices [sic] in a request to file a summary appeal does the inability and conflict with the public defender's office and

conflicts counsel amount to a breakdown in the judicial system when counsel is unable to timely file her appeal within the perscribed [sic] time period because of said conflicts?

II. Did the trial court err by not granting Appellant a hearing or engage in a fact finding process to determine if there had been fraud or a breakdown of the judicial system as a reason for filing her summary appeal nunc pro tunc?

Appellant's Brief at 5 (full capitalization omitted).

The question of timeliness of an appeal is jurisdictional. **Commonwealth v. Moir**, 766 A.2d 1253, 1254 (Pa. Super. 2000). Time limitations on appeal periods are strictly construed and cannot be extended as a matter of grace. **Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002). Allowance of appeal *nunc pro tunc* lies, in the first instance, in the sound discretion of the trial court. **Commonwealth v. Jarema**, 590 A.2d 310, 312 (Pa. Super. 1991). An order denying a petition to appeal *nunc pro tunc* is reversible in instances where the court abused its discretion or drew an erroneous legal conclusion, **Commonwealth v. Yohe**, 641 A.2d 1210, 1211 (Pa. Super. 1994) (citing **Jarema**, 590 A.2d at 312), "or where the appellant, his counsel, or a third party's non-negligent actions have caused a delay in the filing of an appeal." **Commonwealth v. Bassion**, 568 A.2d 1316, 1318–1319 (Pa. Super. 1990).

A party seeking leave to appeal from a summary conviction *nunc pro tunc* has the burden of demonstrating two things: (1) that the delay in filing her appeal was caused by extraordinary circumstances involving fraud or a wrongful or negligent act of a court official resulting in injury to that party and (2) that upon learning of the existence of the grounds relied

upon for *nunc pro tunc* relief, she acted promptly to seek such relief.

*Yohe*, 641 A.2d at 1212.

Herein, it appears from the record that Appellant was unrepresented by counsel at the proceeding before the magisterial district judge, although we cannot definitively say that is so.[1]  Any appeal from that October 28, 2014 summary conviction was required to be filed within the ensuing thirty-day-appeal period.  Pa.R.Crim.P. 460 ("When an appeal is authorized by law in a summary proceeding . . . that provides for imprisonment upon conviction, . . . an appeal shall be perfected by filing a notice of appeal within 30 days after the entry of . . . the conviction.").  The last day of the thirty-day period fell on Thursday, November 27, 2014, which was Thanksgiving Day.  N.T., 12/5/14, at 7.  Pa.R.A.P. 1901 provides, in relevant part, "Whenever the last day of any [appeal] period shall fall on Saturday or Sunday, or on any day made a legal holiday . . . , such day shall be omitted from the computation."  Moreover, on Thanksgiving Day, as well as Friday, November 28, 2014, the Greene County Courthouse was closed.[2]  N.T., 12/5/14, at 7.  Attorney Russo averred that he was involved in a jury trial on

---

[1]  The docket entries from the case before the magisterial district judge have been made part of this certified record.  They do not reflect an entry of appearance by counsel for Appellant.

[2]  Counsel's argument regarding his petition to appeal *nunc pro tunc* to the motions court on December 5, 2014, was transcribed and forwarded to this Court as a supplement to the certified record in the instant matter.

November 25 and 26, 2014, and was unable to timely file the appeal. *Id*. at 3; Petition, 12/5/14, at ¶ 4. While the Greene County Courthouse was open on Monday, December 1, 2014, and thereafter, Attorney Russo was out of town for the Thanksgiving holiday until December 4, 2014, the evening before he presented the instant petition to appeal *nunc pro tunc*. N.T., 12/5/14, at 7.

We conclude that Appellant's *informa pauperis* status, the apparent lack of representation at the magistrate's hearing, the conflicts in the public defender's office and with initial conflict counsel, Attorney Russo's receipt of the conflicts-counsel appointment two days before the appeal period expired, counsel's involvement in a two-day jury trial, the occurrence of the Thanksgiving holiday and closing of the Greene County Courthouse, and counsel's pre-planned Thanksgiving vacation conflated to establish a perfect storm that justifies the grant of an appeal *nunc pro tunc*.

In reaching our conclusion, we are guided by **Criss v. Wise**, 781 A.2d 1156, 1159-1160 (Pa. 2001), where our Supreme Court stated as follows:

> [A]ppellate courts may grant a party equitable relief in the form of an appeal *nunc pro tunc* in certain extraordinary circumstances. **Commonwealth v. Stock**, 545 Pa. 13, 679 A.2d 760, 763-64 (1996). Initially, an appeal *nunc pro tunc* was limited to circumstances in which a party failed to file a timely notice of appeal as a result of fraud or a breakdown in the court's operations. **West Penn Power Co. v. Goddard**, 460 Pa. 551, 333 A.2d 909, 912 (1975) (the time for taking an appeal will not be extended as a matter of grace or mere indulgence). In **Bass v. Commonwealth Bureau of Corrections, et al.**, 485 Pa. 256, 401 A.2d 1133 (1979), however, this Court found that where an appellant, an

- 5 -

appellant's counsel, or an agent of appellant's counsel has failed to file a notice of appeal on time due to non-negligent circumstances, the appellant should not lose his day in court. *Id*. at 1135. Therefore, the ***Bass*** Court expanded the limited exceptions for allowing an appeal *nunc pro tunc* to permit such an appeal where the appellant proves that: (1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay. ***See id***. at 1135-36 (allowing appellant to appeal *nunc pro tunc* where appeal was filed four days late because appellant's attorney placed the notice of appeal on the desk of the secretary responsible for ensuring that appeals were timely filed and the secretary became ill and left work, not returning until after the expiration of the period for filing an appeal); ***see also Cook v. Unemployment Comp. Bd. of Review***, 543 Pa. 381, 671 A.2d 1130, 1132 (1996) (granting appeal *nunc pro tunc* where claimant filed appeal four days late because he was hospitalized).

***Id***.

Moreover, as this case involves a sentence of short duration, Appellant herein has no access to relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546, to vindicate her rights. ***Cf. Commonwealth v. Turner***, 80 A.3d 754, 766 (Pa. 2013) (legislature aware that custody or control requirement of 42 Pa.C.S. § 9543(a)(1)(i) "would be that defendants with short sentences would not be eligible for collateral relief. Indeed, that was the apparent intent: to restrict collateral review to those who seek relief from a state sentence."). ***See also Stock***, 679 A.2d at 764 (the appellant is

not able to vindicate his right to appeal via the PCRA because he is not eligible to seek relief thereunder pursuant to 42 Pa.C.S. § 9543(2)).[3]

In summary, given the coalescence of the circumstances of this case, it would be patently unfair to deprive Appellant of the ability to protect her constitutional right to an appeal.  While our case law is clear that failure to file a summary appeal within the applicable thirty-day time limit typically results in waiver, *Jarema*, 590 A.2d at 311–312, *nunc pro tunc* relief remains available to safeguard the constitutional right to appeal when extraordinary circumstances result in the untimely filing of an appeal. Therefore, following our complete review of the record, including the arguments of the parties and the relevant law, we conclude that the trial court abused its discretion in denying Appellant's petition to appeal *nunc pro tunc*.

Order reversed.  Case remanded for proceedings consistent with this Memorandum.  Jurisdiction relinquished.

---

[3]  In light of our disposition, we need not address Appellant's second issue. *See Peterson v. Shreiner*, 822 A.2d 833, 836 (Pa. Super. 2003) ("We shall only address [the appellant's] third issue since we are reversing the decision of the trial court on that basis.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/12/2016