J-A21031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GERALDINE RENZULLI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| FREDERICK RENZULLI AND KRISTIN M. | : | |
| RENZULLI, | : | |
| | : | |
| Appellants | : | No. 2514 EDA 2015 |

Appeal from the Order entered March 13, 2015
in the Court of Common Pleas of Philadelphia County,
Civil Division, No(s): March Term, 2011 No. 003016

BEFORE: BENDER, P.J.E., DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED SEPTEMBER 28, 2016**

Frederick Renzulli ("Fred") and Kristin M. Renzulli ("Kristin") (collectively referred to as "the Defendants") appeal, *pro se*, from the March 13, 2015 Order (hereinafter "the challenged Order") that (1) vacated the prior judgment entered in favor of the Defendants; and (2) entered judgment in favor of the plaintiff in the underlying quiet title action, Geraldine Renzulli ("Geraldine"). We quash the appeal.

Geraldine instituted the action in 2011, against Fred, her son, and his wife, Kristin, concerning a property located at 1830 East Passyunk Avenue, Philadelphia (hereinafter "the Property").[1] Following a non-jury trial in July 2012, the trial court entered judgment in favor of the Defendants, and ordered Geraldine to vacate the Property. On appeal, this Court reversed

---

[1] At the time, title to the Property was in Fred's name. In her Complaint, Geraldine asserted that the Defendants were holding title to the Property, which was her residence, as constructive trustees, for her benefit.

and remanded for further proceedings, holding, *inter alia*, that the trial court had committed an error of law in connection with its ruling as to whether a constructive trust was created for Geraldine's benefit. **See Renzulli**, 105 A.3d 34 (unpublished memorandum at 23, 25-26).

On remand, the trial court entered the challenged Order, wherein it vacated the prior judgment entered in favor of the Defendants; entered judgment in favor of Geraldine; and ordered the Defendants to convey title to the Property to Geraldine, who held lawful title pursuant to a constructive trust. Important to the instant appeal, the Defendants did not file a notice of appeal from the challenged Order within 30 days. **See** Pa.R.A.P. 903(a) (stating that "[t]he notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken.").

However, seven days after the entry of the challenged Order, Fred filed a Petition for bankruptcy[2] (hereinafter "the Bankruptcy Petition") in federal court, under Chapter Seven of the United States Bankruptcy Code, 11 U.S.C.A. § 101 *et seq.* (hereinafter "the Bankruptcy Code"). On June 1, 2015, the Defendants filed with the trial court in the instant case a "Suggestion of Bankruptcy." Therein, the Defendants requested the court to stay the case, pointing to Fred's filing of the Bankruptcy Petition (without mentioning that it concerned Fred, individually), which resulted in the entry of an automatic stay concerning any collection or other actions against Fred

---

[2] Kristin did not file for bankruptcy.

or his property, pursuant section 362 of the Bankruptcy Code.[3] Subsequently, Geraldine filed with the Bankruptcy Court an application asking the Court to vacate the automatic stay. By an Order entered on July 15, 2015, the Bankruptcy Court vacated the automatic stay, expressly for the purpose of permitting Geraldine to seek enforcement of the challenged Order, and receive title to the Property from the Defendants.

On August 11, 2015, the Defendants filed a *pro se* Notice of Appeal from the March 13, 2015 challenged Order. Therein, the Defendants asserted that they could not have filed the appeal within the Rule 903(a) 30-day appeal window because of the automatic stay. The Defendants additionally pointed out that they filed their Notice of Appeal within 30 days of the Bankruptcy Court's entry of the July 15, 2015 Order vacating the automatic stay.[4]

The trial court did not order the Defendants to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. However, the trial

---

[3] **See** 11 U.S.C.A. § 362(a); **see also Graziani v. Randolph**, 856 A.2d 1212, 1217 (Pa. Super. 2004) (setting forth and discussing section 362(a)).

[4] The Defendants further asserted that, on July 27, 2015, they attempted to electronically file a notice of appeal, but the filing was rejected because of the automatic bankruptcy stay. In support, the Defendants attached to their August 11, 2015 Notice of Appeal an automated email, purportedly generated by the Philadelphia County Office of Judicial Records, stating that the rejection occurred because the case was in a deferred status due to the active bankruptcy stay. However, the trial court's docket does not reflect this purported rejection.

court issued a brief Opinion, suggesting that this Court quash the appeal as untimely filed.

On August 31, 2015, Geraldine filed with this Court a Motion to Quash the appeal, pointing out that it was not filed until 148 days after the March 13, 2015 challenged Order, well outside of the 30-day appeal period. The Defendants subsequently filed an Answer to the Motion to Quash ("the Answer"), after which Geraldine filed a Response to the Answer. On October 20, 2015, this Court denied the Motion to Quash, without prejudice to Geraldine's right to re-raise the matter on appeal. In her brief on appeal, Geraldine again challenges the timeliness of the appeal. **See** Brief for Geraldine at 13-19.

The question of timeliness of an appeal is jurisdictional, as an untimely appeal divests this Court of jurisdiction to hear the merits of the case. **See Sass v. Amtrust Bank**, 74 A.3d 1054, 1063 (Pa. Super. 2013); **Lee v. Guerin**, 735 A.2d 1280, 1281 (Pa. Super. 1999). "[T]he time for taking an appeal cannot be extended as a matter of grace." **West Penn Power Co. v. Goddard**, 333 A.2d 909, 912 (Pa. 1975); **see also Valley Forge Ctr. Assocs. v. Rib-It/K.P., Inc.**, 693 A.2d 242, 245 (Pa. Super. 1997) (stating that the appeal period must be construed strictly). This Court will not deem a facially untimely appeal to be timely "except under the narrowest of circumstances in which counsel for the offending party can establish either a breakdown in the operations of the judicial support system or extenuating

circumstances that rendered him incapable of filing the necessary notice."

***Sass***, 74 A.3d at 1063.

Initially, the Defendants cite to no Pennsylvania law, and our independent research also discloses none, as authority for their claim that Fred's filing of the Bankruptcy Petition, seven days after the March 13, 2015 Order, operated to toll the 30-day appeal period.[5]  It is undisputed that the Defendants failed to file their Notice of Appeal within 30 days of March 13, 2015.[6]  As mentioned above, this Court will not deem a facially untimely notice of appeal to be timely absent extenuating circumstances that made it impossible to timely file an appeal, or a breakdown in the court's operation. ***See Sass***, ***supra***.  Neither of these things occurred here.  In this regard, we are persuaded by the following argument advanced in Geraldine's Brief:

> If [] Fred[] wanted to preserve his appellate rights before he filed [the] Bankruptcy [Petition,] and felt wronged by the [challenged] Order, he could have filed a notice of appeal before he filed for bankruptcy[,] and requested the Superior Court to defer any action on the appeal pending the disposition of the Bankruptcy proceedings, which he would have had time to do

---

[5] Upon review of the federal court cases upon which the Defendants rely in the Answer (the Defendants did not address the timeliness of the appeal in their brief), we determine that these cases are unavailing and distinguishable.

[6] Additionally, even if the Defendants' attempted electronic filing of a notice of appeal, on July 27, 2015, had not been rejected due to the automatic bankruptcy stay, the attempted appeal was still facially untimely (*i.e.*, it was filed 136 days after the challenged Order).  Contrary to the Defendants' urging in the Answer, the mere rejection of this attempted filing due to the automatic stay does not, ergo, mean that the Defendants should be excused for failing to file a notice of appeal within the 30-day appeal window.

between the docketing of the [challenged] Order and his filing for bankruptcy.

Brief for Geraldine at 14-15 (some capitalization omitted).

Additionally, contrary to the Defendants' assertion, the automatic stay provision of the Bankruptcy Code, 11 U.S.C.A. § 362(a), did not prevent them from filing a timely appeal.[7]   To the contrary, the automatic stay is intended to *prevent certain actions (such as collection actions) to be taken* **against the debtor** (or the property of the debtor).  ***See***, ***e.g.***, ***Borman v. Raymark Industries, Inc.***, 946 F.2d 1031, 1033 (3d Cir. Pa. 1991) (stating that "[t]he automatic stay was intended to give the debtor a breathing spell from his creditors.  It stops all collection efforts, all harassment, and all foreclosure actions.  It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy." (citation and internal quotation marks omitted)).   Section 362(a) does not prevent a debtor from taking actions (and particularly those that could have been done prior to filing for bankruptcy), such as filing a timely appeal from an unfavorable judgment against him or her.

---

[7] To the extent that our resolution of this matter requires us to construe the effect of section 362, this Court has observed that "[t]he effect of an automatic stay under [section] 362(a) presents a question of law; as such, the scope of our review is plenary." ***Graziani***, 856 A.2d at 1217.

Moreover, when Fred filed for bankruptcy, he and Kristin did not hold lawful title to the Property, as the trial court had initially ruled.[8] This Court has stated that

> [i]f, under state law, a debtor does not have a property interest in disputed property upon filing a bankruptcy petition, he cannot shelter that property under provisions of the Bankruptcy Code. *See Foulke* [*v. Lavelle*], 454 A.2d [56,] 59 [(Pa. Super. 1982)] (refusing to apply automatic stay under Section 362(a) of Bankruptcy Code where debtor was divested of property interest prior to commencement of bankruptcy); 9 B.R. at 363 (same).

*Estate of Haiko v. McGinley*, 799 A.2d 155, 160 (Pa. Super. 2002); *see also Temtex Products, Inc. v. Kramer*, 479 A.2d 500, 509 (Pa. Super. 1984) (same). Though the Defendants here had the right to contest the trial court's ruling that they did not have lawful title to the Property, they were required to file an appeal from this ruling within the 30-day appeal period, which we must construe strictly. *See Valley Forge Ctr. Assocs.*, *supra*. Their failure to do so divested this Court of jurisdiction. *See Sass*, *supra*.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2016

---

[8] Additionally, the Bankruptcy Court, in its Order entered on July 15, 2015, (vacating the automatic bankruptcy stay) acknowledged the challenged Order, and that Fred did not hold lawful title to the Property. *See* Notice of Appeal, 8/11/15, (unnumbered exhibit – Bankruptcy Court Order, 7/15/15).