William FREEMAN, Appellant,

v.

William BONNER, M.D., Comservices, Inc., WC/IOD Program & City of Philadelphia, Appellee.

Superior Court of Pennsylvania.

Submitted Sept. 5, 2000.
Filed Oct. 25, 2000.

Sayde J. Ladov, Philadelphia, for appellant.

C. Andre, Philadelphia, for Bonner, appellee.

Before: JOHNSON, J., EAKIN, J., and CERCONE, President Judge Emeritus.

CERCONE, President Judge Emeritus:

¶ 1 Appellant, William Freeman, appeals from the Trial Court Order of March 15, 2000 denying his "Post–Trial Motion to Remove Nonsuit *Nunc Pro Tunc*". We affirm.

¶ 2 Appellant commenced a medical malpractice action against Appellee, William Bonner, M.D., on January 10, 1997.[1] Just prior to trial, the Trial Court granted Appellee's Motion in Limine limiting the testimony of Appellant's sole expert witness, Scott Jaeger, M.D., to the information set forth in his report. Dr. Jaeger's report did not contain any commentary or criticism regarding the care rendered to Appellant by Appellee. As Appellant failed to present any expert testimony regarding the care rendered by Appellee, the Trial Court granted Appellee's Motion for a Compulsory Nonsuit.

¶ 3 On July 29, 1999, Appellant filed a timely Post–Trial Motion to remove the nonsuit and filed a notice with the Post–Trial Clerk requesting the Notes of Testimony pursuant to Pa.R.C.P. 227.3. Appellant did not file a memorandum of law in support of the motion and the docket reflects that no further action was taken by Appellant.

¶ 4 On January 7, 2000, because of Appellant's failure to move forward, Appellee filed a Praecipe for Judgment, and judgment was entered by the Prothonotary pursuant to Pa.R.C.P. 227.4(1)(b) which provides that

the prothonotary shall, upon praecipe of a party: (1) enter judgment ... if ... (b) one or more timely post-trial motions are filed and the court does not enter an order disposing of all motions within one hundred twenty days after the filing of the first motion. A judgment entered pursuant to this subparagraph shall be final as to all parties and all issues and shall not be subject to reconsideration.

Pa.R.C.P. 227.4(1)(b). The docket reflects that notice of entry of judgment was mailed to Appellant on that same date, January 7, 2000.

¶ 5 No appeal from this judgment having been taken by Appellant, Appellee filed a Praecipe to Discontinue on February 28, 2000. Two days later, on March 1, 2000, Appellant filed a Post–Trial Motion *nunc pro tunc* requesting removal of the nonsuit and grant of a new trial. The motion was denied by the Trial Court which held that, pursuant to Pa.R.C.P. 227.4(1)(b), it did not have jurisdiction to consider Appellant's motion. Appellant then filed a timely notice of appeal.

¶ 6 We recognize that the standard of review applicable to the denial of an appeal *nunc pro tunc* is "whether the trial court abused its discretion." *Union Electric Corporation v. Board of Property Assessment, Appeals & Review of Allegheny County*, 560 Pa. 481, 485, 746 A.2d 581, 583 (2000). An abuse of discretion is not merely an error of judgment but is found where the law is "overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of par-

---

1. City of Philadelphia Episcopal Hospital and Compservices, Inc. were dismissed as defendants to this action on November 13, 1998 upon entry of an Order granting their Motion for Summary Judgment.

tiality, prejudice, bias or ill will as shown by the evidence or the record." *Id.*

¶ 7 The first of Appellant's issues to be addressed is whether the "Trial Court erred in failing to grant Appellant's Petition to Strike the Non Suit, Nunc Pro Tunc, as it was well within the Court's discretion to do so.²" Appellant's Brief at 10.

¶ 8 Pa.R.C.P. 227.4 provides that once judgment is entered pursuant to subsection (1)(b), it is final and appealable and cannot be reconsidered. The correct procedure upon entry of such judgment would be for the aggrieved party to appeal the judgment and have the merits of the outstanding Post–Trial Motions addressed by the appellate court "as if the [trial] court has ruled" on the motions. *Gibbs v. Herman,* 714 A.2d 432 (Pa.Super.1998). Appellant, however, did not appeal the judgment.

¶ 9 In order to have Appellant's Post–Trial Motion heard on the merits, the judgment would have to be stricken, however, a motion to strike the judgment is prohibited in this context. In *Conte v. Hahnemann University Hospital,* 707 A.2d 230, 231 (Pa.Super.1998), appellant Conte filed a motion to strike a judgment entered pursuant to Pa.R.C.P. 227.4(1)(b). The Court held that the judgment was "not subject to either reconsideration or any other motion to strike, open or vacate." Thus, Appellant in this case was also foreclosed from filing a motion to strike the judgment.

¶ 10 Perhaps cognizant of the holding in *Conte* and knowing that the period to appeal the judgment had expired, Appellant's counsel did not request that the judgment be stricken, rather her Post–Trial Motion seeks to have the nonsuit removed and a new trial granted. Thus, counsel attempts to avoid the judgment issue.

¶ 11 Pa.R.C.P. 227.4(1)(b) prohibits reconsideration of the judgment once entered. We will assume *arguendo* in addressing Appellant's complaints that it does not prohibit the Trial Court from reinstating Appellant's right to post-trial relief *nunc pro tunc.* Such relief "is intended as a remedy to vindicate the right to an appeal where the right has been lost due to certain extraordinary circumstances." *Union Electric Corporation v. Board of Property Assessment, Appeals & Review of Allegheny County,* 560 Pa. at 486, 746 A.2d at 584 (citation omitted).

¶ 12 "As a general rule, an appeal nunc pro tunc is only granted in civil cases where there was fraud or a breakdown in the court's operations." *Lee v. Guerin,* 735 A.2d 1280, 1281, (Pa.Super.1999) (citing *West Penn Power v. Goddard,* 460 Pa. 551, 333 A.2d 909 (1975)). "In recent years, however, the courts have somewhat liberalized this rigid standard." *Id.* In *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979), the Pennsylvania Supreme Court created "a new ground for an appeal nunc pro tunc, i.e. non-negligent happenstance." *In re In the Interest of C.K.,* 369 Pa.Super. 445, 535 A.2d 634, 637 (1987).

¶ 13 In *Bass, supra,* an appeal was prepared and ready to be filed on a Friday, six days prior to the expiration of the appeal period. The secretary charged with filing the appeal fell ill, left work early that Friday and did not return the entire following week. As she was the secretary responsible for checking the desks of any other secretary who was out of the office, no one checked her desk. Consequently, the appeal deadline was missed. A petition to file the appeal *nunc pro tunc* was filed the following Monday.

¶ 14 The Pennsylvania Supreme Court held that, although negligence of an appellant or counsel is not considered an excuse

---

2. Appellant's second issue, "whether the Trial Court erred in striking the expert testimony of Dr. Scott Jaeger as the testimony was based on sound medical evidence", is rendered moot by the denial of Appellant's Post–Trial Motion and will not be addressed. Appellant's Brief at 10.

of failure to file a timely appeal, in circumstances involving non-negligent failure to file an appeal members of the public should not lose their day in court. *Bass*, 485 Pa. at 260, 401 A.2d at 1135. The Court limited the applicability of this ground by adding that "without doubt the passage of any but the briefest period of time during which an appeal is not timely filed would make it most difficult to arrive at a conclusion that the failure to file was non-negligent." *Id.* The appeal was allowed, the Court holding that counsel acted in a non-negligent manner and the failure to file "was corrected within a very short time, during which any prejudice to the other side of the controversy would necessarily be minimal." *Id.*

¶ 15 As Appellant has not alleged fraud in this matter, the issue is whether there was a "breakdown in the court's operation" or a "non-negligent happenstance" that would justify his request for relief. Appellant's counsel claims that she was prevented from proceeding with her initial Post–Trial Motion because she never received the notes of testimony that she had properly requested. The record reveals that Counsel requested the notes of testimony on the same day she filed her initial Post–Trial Motion. Counsel claims that "the request for the notes of testimony never reached the official court reporter ... [and] the court reporter did not promptly transcribe the record, preventing Appellant from going forward". Appellant's Brief at 13–14. She further claims that she was absent from the jurisdiction attending to a terminally ill parent and was unaware of the filing of Appellee's Praecipe to Discontinue.

 ¶ 16 The first issue is whether the failure of the court reporter to transcribe the notes in a timely manner constitutes a breakdown in the court's operation sufficient to justify *nunc pro tunc* relief. Although counsel may have been inconvenienced by the absence of Notes of Testimony, she was not prevented from moving the process forward in some fashion. Counsel could have moved for a hearing

and requested that the Trial Court issue an order that the notes be transcribed in a timely manner. She also could have filed the requisite memorandum of law without the Notes of Testimony and asked leave of court to amend or supplement the memorandum following receipt of the notes. Counsel was not presented with an insurmountable problem. The failure of the court reporter to timely transcribe the notes does not constitute a breakdown in the court's operation sufficient to justify counsel's failure to move forward in this circumstance.

 ¶ 17 We next consider whether counsel's failure to move forward due to her absence from the jurisdiction constitutes a non-negligent circumstance sufficient to justify *nunc pro tunc* relief. In *In re In the Interest of C.K.*, 369 Pa.Super. 445, 535 A.2d 634 (1987), appellant's counsel was out of the office for two weeks following his mother's heart attack. Counsel missed an appeal deadline and, in fact, did not learn of appellants' desire to appeal until the appeal period had expired. A "Petition to File a Notice of Appeal Nunc Pro Tunc" was filed almost two months after the expiration of the appeal period. The Court noted that, despite his extended absence, counsel "did not arrange for substitute counsel to monitor his cases ... [or] notify appellants that they should seek new appellate counsel." As there was no allegation of "fraud or breakdown in the court's operation as traditionally defined," the Court examined whether counsel's absence constituted a non-negligent happenstance, and concluded that it did not. An appeal *nunc pro tunc* was not permitted.

¶ 18 Instantly, as in *In re In the Interest of C.K.*, counsel did not arrange for substitute counsel due to her unfortunate personal circumstances, nor did she advise Appellant to seek new counsel to pursue the Post–Trial Motion. Counsel's absence, therefore, cannot be considered non-negligent happenstance and it does not justify *nunc pro tunc* relief.

¶ 19 Accordingly, for the reasons set forth above, we affirm the Trial Court's Order denying Appellant's Post–Trial Motion.

¶ 20 Order affirmed.