J-A23024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ROBERT A. HALL, ADMINISTRATOR OF THE ESTATE OF DAVID JONATHAN HALL AND THE ESTATE OF DAVID JONATHAN HALL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| 21ST CENTURY PREFERRED INSURANCE COMPANY | |
| Appellant | No. 1548 WDA 2014 |

Appeal from the Order September 10, 2014
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 11-010190

BEFORE: GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:     **FILED DECEMBER 07, 2015**

21st Century Preferred Insurance Company (21st Century), formerly AIG Preferred Insurance Company, appeals from the order of the Court of Common Pleas of Allegheny County that denied its motion for leave to perfect post-trial motion or alternatively to allow filing and service of new post-trial motion *nunc pro tunc*. After careful review, we affirm the order of the trial court, although for reasons different from those set forth by the trial court.

On June 3, 2011, Robert Hall, Administrator of the Estate of David Jonathan Hall and the Estate of David Jonathan Hall (Hall) filed a declaratory judgment and breach of contract action against 21st Century for failure to

provide UIM coverage. Hall and 21st Century both filed motions for summary judgment, which the court denied on April 8, 2013.

On January 13, 2014, following a non-jury trial, the court issued an order directing 21st Century to provide UIM coverage to Hall. On January 21, 2014, 21st Century electronically filed a motion for post-trial relief requesting a new trial or entry of a declaratory judgment n.o.v. 21st Century failed to serve the trial court with a true and correct copy of the post-trial motion in violation of Pa.R.C.P. 227.1(f) and Allegheny County Local Rule 227.1(a).

After 120 days passed without the trial court taking action on the post-trial motion, Hall filed a praecipe for entry of judgment on May 28, 2014, pursuant to Pa.R.C.P. 227.4(1)(b).

On June 5, 2014, 21st Century filed a notice of appeal to this Court, which was docketed at 914 WDA 2014. On August 15, 2014, the trial court issued a statement in lieu of opinion in which it noted that because 21st Century had not served a copy of its motion on the court, the court had no knowledge of the motion and never ruled on it. The court concluded that because "it was not provided the means to address issues post-trial, this [c]ourt cannot now address those issues." Statement in Lieu of Opinion, 8/15/14, at 1-2.[1]

_____

[1] On October 7, 2014, this Court dismissed 21st Century's appeal. Following this Court's denial of 21st Century's application for reconsideration and *en*
*(Footnote Continued Next Page)*

On August 27, 2014, after 21st Century became aware of its failure to serve a copy of its post-trial motion on the court, it filed a motion for leave to perfect post-trial motion or alternatively to allow filing and service of new post-trial motion *nunc pro tunc*. The trial court denied the motion on September 10, 2014.

21st Century filed a timely notice of appeal on September 22, 2014, and on September 26, 2014, the trial court filed a statement in lieu of opinion.

On appeal, 21st Century raises three issues, only one of which we will address:

> Whether the trial court erred and abused its discretion by denying [21st Century's] motion for leave to perfect post-trial motion or alternatively to allow filing and service of new post-trial motion *nunc pro tunc* and to grant post-trial relief, as the trial court had jurisdiction and was not prohibited by Rule 227.4(1)(b) from granting the requested relief, in that any noncompliance with Rule 227.1(f) was inadvertent, merely technical and non-negligent happenstance, [Hall] was not prejudiced, *nunc pro tunc* relief was timely sought, and, the harsh sanction of waiver was unjust.

Appellant's Brief, at 4.[2]

Pa.R.C.P. 227.4 provides, in relevant part:

*(Footnote Continued)* ───────────────

*banc* reargument, 21st Century filed a petition for allowance of appeal, which our Supreme Court denied on April 28, 2015.

[2] 21st Century's remaining issues relate to the denial of summary judgment, which we need not address in light of our disposition of 21st Century's request for *nunc pro tunc* relief.

**Rule 227.4  Entry of Judgment upon Praecipe of a Party**

[T]he prothonotary shall, upon praecipe of a party:

(1)    enter judgment upon . . . the decision of a judge following a trial without a jury, if

. . .

(b)   one or more timely post-trial motions are filed and the court does not enter an order disposing of all motions within one hundred and twenty days after the filing of the first motion.  A judgment entered pursuant to this subparagraph shall be final as to all parties and all issues and shall not be subject to reconsideration.

Pa.R.C.P. 227.4.

With respect to this Rule, our Court has held:

In view of the language of Rule 227.4(1)(b) and the explanatory comment, it is clear that once the requisite 120 day period runs and a party opts to praecipe for the entry of judgment, the judgment becomes final, and immediately appealable when entered on the docket. . . . It is equally clear that the judgment is not subject to either reconsideration or any other motion to strike, open or vacate.

***Conte v. Hahnemann University Hospital***, 707 A.2d 230, 231 (Pa. Super. 1998).

In its statement in lieu of opinion in support of the denial of 21st Century's motion for leave to perfect post-trial motion or alternatively to allow filing and service of new post-trial motion *nunc pro tunc*, the trial court relied on Rule 227.4(1)(b) and **Conte**.  Although not expressly stated by the trial court, it appears to have determined that it did not have jurisdiction to consider the request for *nunc pro tunc* relief.  We disagree.

21st Century's August 21, 2014 motion did not seek reconsideration of the entry of judgment nor did it seek to strike, open or vacate the judgment. Rather, 21st Century sought *nunc pro tunc* post-trial relief to perfect or refile its post-trial motion.

In **Freeman v. Bonner**, 761 A.2d 1193 (Pa. Super. 2000), this Court held that a trial court has jurisdiction to grant *nunc pro tunc* relief even after judgment is entered. The appellant in **Freeman** filed a post-trial motion to remove a nonsuit but did not file a memorandum of law and took no further action. The appellee entered judgment by praecipe 120 days later because the court did not rule on the motion. No appeal was taken from the judgment, and the appellee subsequently filed a praecipe to discontinue. Two days later, the appellant filed a post-trial motion *nunc pro tunc*, requesting removal of the nonsuit and the grant of a new trial. The trial court denied the motion, holding that pursuant to Rule 227.4(1)(b), it did not have jurisdiction to consider the motion.

Recognizing that under Rule 227.4(1)(b) a judgment is final and appealable once entered and cannot be reconsidered, this Court noted:

> The correct procedure upon entry of such judgment would be for the aggrieved party to appeal the judgment and have the merits of the outstanding Post-Trial Motions addressed by the appellate court "as if the [trial] court had ruled" on the motions. **Gibbs v. Herman**, 714 A.2d 431 (Pa. Super. 1998).

**Freeman**, **supra**, at 1195.

Because Rule 227.4(1)(b) does not prohibit the trial court from reinstating a party's right to relief, *nunc pro tunc*, the **Freeman** Court

proceeded to analyze whether the trial court abused its discretion in denying

the appellant's motion. In so doing, it applied the following principles:

> "As a general rule, an appeal *nunc pro tunc* is only granted in civil cases where there was fraud or a breakdown in the court's operations." **Lee v. Guerin**, 735 A.2d 1290, 1281 (Pa. Super. 1999) (citing **West Penn Power v. Goddard**, 333 A.2d 909 (Pa. 1975). "In recent years, however, the courts have somewhat liberalized this rigid standard." **Id.** In **Bass v. Commonwealth**, 401 A.2d 1133 (Pa. 1979), the Pennsylvania Supreme Court created "a new ground for an appeal *nunc pro tunc*, i.e. non-negligent happenstance." **In re In the Interest of C.K.**, 535 A.2d 634, 637 (Pa. Super. 1987).

**Freeman**, **supra** at 1195.

Therefore, as in **Freeman**, we must determine whether 21st Century's

actions constitute non-negligent happenstance that justifies *nunc pro tunc*

relief. We find guidance for this determination in **Criss v. Wise**, 781 A.2d

1156 (Pa. 2001), where our Supreme Court noted:

> The exception for allowance of an appeal *nunc pro tunc* in non-negligent circumstances is meant to apply only in unique and compelling cases in which the appellant has clearly established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so. **See Cook [v. Unemployment Comp. Bd. of Review]**, 671 A.2d [1130,] 1132 [Pa. 1996]; **Perry v. Unemployment Comp. Bd. of Review**, 459 A.2d 1342, 1343 (Pa. Cmwlth. 1983) (fact that law clerk's car broke down while he was on route to the post office, precluding him from getting to the post office before closing time, was a non-negligent happenstance for granting appeal *nunc pro tunc*); **Tony Grande, Inc. v. Workmen's Comp. Appeal Bd. (Rodriquez)**, 455 A.2d 299, 300 (Pa. Cmwlth. 1983) (hospitalization of appellant's attorney for unexpected and serious cardiac problems ten days into twenty day appeal period was reason to allow appeal *nunc pro tunc* ); **Walker v. Unemployment Comp. Bd. of Review**, 461 A.2d 346, 347 (Pa. Cmwlth. 1983) (U.S. Postal Service's failure to forward notice of referee's decision to appellant's address, as

appellant had requested, warranted appeal *nunc pro tunc* ). ***But cf. In re In the Interest of C.K.***, 535 A.2d 634, 639 (Pa. Super. 1987) (appeal *nunc pro tunc* denied where counsel was absent from office and did not learn of appellant's desire to appeal before expiration period because counsel negligently failed to make arrangements to look over his professional obligations); ***Moring v. Dunne***, 493 A.2d 89, 92-93 (Pa. Super. 1985) (although death of appellant's attorney may have qualified as a non-negligent circumstance, appellant failed to prove that he attempted to appeal on time but was precluded from doing so as a result of receiving late notice of his attorney's death).

***Criss***, ***supra*** at 1160.

Here, 21st Century's failure to serve the court with the post-trial motion was not the result of unforeseeable and unavoidable events. Rather, it was the result of not following the dictates of Pa.R.C.P. 227.1(f) ("The party filing a post-trial motion shall serve a copy promptly upon every other party to the action and *deliver a copy to the trial judge*.") (emphasis added) and Allegheny County Local Rule 227.1(1)(a) (Post-Trial Motions shall be filed in the Office of the Prothonotary and a copy shall be *delivered to the trial judge*.") (emphasis added).

Accordingly, counsel's actions do not constitute non-negligent happenstance, and 21st Century has failed to establish entitlement to relief.[3]

Order affirmed. Motion to Quash denied.

---

[3] The June 5, 2014 notice of appeal did not divest the trial court of jurisdiction to consider 21st Century's motion for *nunc pro tunc* relief. ***See*** Pa.R.A.P. 1701(c) ("Where only a particular item, claim or assessment . . . is involved in an appeal . . . the appeal shall operate to prevent the trial court from proceeding further with only such item, claim or assessment.").

- 7 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/7/2015