J-A04030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WILLIAM V. FRANKOVICH AND WILLIAM J. FRANKOVICH, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| PAULINE MCCLOSKEY, | |
| Appellee | No. 396 WDA 2015 |

Appeal from the Order Entered February 11, 2015
In the Court of Common Pleas of Forest County
Civil Division at No(s): CD 127 OF 2011

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and SHOGAN, J.

MEMORANDUM BY BENDER, P.J.E.:            **FILED MARCH 23, 2016**

William V. Frankovich and William J. Frankovich appeal from the order entered February 11, 2015, which denied their motion seeking *nunc pro tunc* relief.[1]  We affirm.

In 2010, Appellants were interested in purchasing a property to be used as a base camp for area recreational activities.  Appellants required a property with an on-site sewage system and a water well.  In May 2010, Appellants purchased a property from Pauline McCloskey located in Forest County, Pennsylvania.  Following their purchase, Appellants discovered that

---

[1] The subject order was signed and docketed February 6, 2015.  However, the Forest County Prothonotary notified the parties of the order on February 11, 2015.  **See** Pa.R.A.P. 108(b); Pa.R.C.P. 236(b).

the property boundaries were not properly marked and that a portion of the septic system encroached upon a neighbor's property.

In September 2011, Appellants commenced this action, filing a complaint asserting violations of the Unfair Trade Practices Consumer Protection Law (UTPCPL), 73 P.S. §§ 201-1 – 201-9.3, and the Real Estate Seller Disclosure Law, 68 Pa.C.S.A. §§ 7301-7314.  The matter proceeded to a bench trial, held in December 2014.  Following Appellants' case-in-chief, Appellee made an oral motion for nonsuit, asserting that Appellants had failed to adduce any evidence tending to prove that Appellee knew or had reasons to know that her statements regarding the property were false or misleading.  Following an extensive review of Appellants' evidence, the trial court agreed and granted Appellee's motion for nonsuit.  **See** Notes of Testimony (N.T.), 12/15/2014, at 203-238;[2] **see also** Trial Court Order, 12/17/2014.

In January 2015, Appellants filed a motion for leave of court to file a motion for post-trial relief *nunc pro tunc* to contest the trial court's entry of compulsory nonsuit.  **See** Motion, 01/12/2015.  Following argument on Appellants' motion in February 2015, the trial court denied Appellants *nunc pro tunc* relief.  **See** N.T., 02/06/2015; **see also** Trial Court Order, 02/11/2015.

---

[2] The trial transcript is erroneously dated 12/15/2015.

Appellants timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

Appellants raise the following issue:

> When the [t]rial [c]ourt announced on the record that nonsuit was granted and judgment was entered in favor of [Appellee] and the [t]rial [c]ourt issued a subsequent [o]rder specifically referencing its statements on the record, did the [t]rial [c]ourt abuse its discretion when it denied the [motion for *nunc pro tunc* relief] when the confusion created by the [c]ourt's actions was plainly shown and the opposing party demonstrated no prejudice?

Appellants' Brief at 4.

Initially, we note that an order granting nonsuit is not itself an appealable order. Rather, an aggrieved party must appeal from an order denying removal of nonsuit. **See Conte v. Barnett's Bootery, Inc.**, 467 A.2d 391, 392 (Pa. Super. 1983). Rule 227.1 governs in this regard and requires a motion seeking removal of nonsuit to be filed within ten days. Pa.R.C.P. 227.1(a) and (c).

Here, the court granted Appellee's motion for nonsuit on December 15, 2014. **See** N.T. at 238; **see also** Trial Court Order, 12/17/2014. Appellants did not timely challenge the entry of nonsuit, seeking *nunc pro tunc* relief on January 12, 2015. Thereafter, the trial court denied *nunc pro tunc* relief, concluding there was "no legitimate excuse" for Appellants' untimely filing. Trial Court Opinion, 05/04/2015, at 4.

Appellants contend that the trial court employed "confusing language" when it granted Appellee's motion for nonsuit, stating on the record that

- 3 -

"judgment is entered in favor of [Appellee]." Appellants' Brief at 17, 18 (quoting N.T. at 238). According to Appellants, use of this language convinced them that they had no alternative but to appeal the trial court's decision; thus, they failed to timely file post-trial motions.

We review the decision of a trial court whether to permit an untimely filing for an abuse of discretion. *Lenhart v Cigna Cos.*, 824 A.2d 1193, 1195 (Pa. Super. 2003). "An abuse of discretion is not merely an error of judgment but is found where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record." *Id.* (quoting *Freeman v. Bonner*, 761 A.2d 1193, 1194-1195 (Pa. Super. 2000)). Generally, *nunc pro tunc* relief will be granted only in "extraordinary circumstances involving fraud or some breakdown in the court's operation through a default of its officers." *Id.* (quoting *McKeown v. Bailey*, 731 A.2d 628, 630 (Pa. Super. 1999)).

Here, we discern no abuse of discretion. It is well-established that "regardless of what terms were used by the trial court in its decision," a party *must* file post-trial motions in order to preserve issues for appeal. *Id.* at 1197 (rejecting an argument nearly identical to that raised by Appellants here, where the appellant complained that the trial court's use of the word "judgment," had transformed a non-appealable decision into an immediately appealable judgment). Moreover, "[t]he grant of *nunc pro tunc* relief is not

designed to provide relief to parties whose counsel has not followed proper procedure in preserving appellate rights." *Id.* at 1197-98. Clearly, Appellants were on notice of their obligation to file post-trial motions. Accordingly, we affirm the order of the trial court denying Appellants *nunc pro tunc* relief.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2016

---

[3] Essentially, Appellants have waived consideration of any substantive issues regarding Appellee's motion for nonsuit. Nevertheless, absent this waiver, we discern no abuse of the trial court's discretion or other legal error in its decision. To the contrary, we agree with the trial court's conclusion that Appellants failed to adduce evidence that Appellee knew or should have known that either (1) the property boundaries identified by her were incorrect or (2) the property septic system encroached upon a neighbor's property. *See* Trial Court Opinion at 4.

- 5 -