J-A05039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: N.J., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: B.M.P., MATERNAL | : | |
| AUNT | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1722 EDA 2020 |

Appeal from the Order Entered August 12, 2020
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-DP-1000097-2016

BEFORE: OLSON, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:  **FILED: APRIL 9, 2021**

Appellant, B.P. ("Maternal Aunt"), appeals the order entered on August 12, 2020, in the Philadelphia County Court of Common Pleas, denying her motion to appeal *nunc pro tunc* the dependency court's July 1, 2019, Dependency Court Protective Order.  After review, we affirm the dependency court's order.

Maternal Aunt's niece, N.J., born in October 2015 ("Child"), was adjudicated dependent on July 22, 2016.  Subsequently, Child's permanency

---

[*] Former Justice specially assigned to the Superior Court.

goal was changed to adoption and Mother's and Father's parental rights were terminated on September 19, 2018.[1]

On July 1, 2019, Maternal Aunt, through counsel, filed a Motion to Intervene and sought sibling visitation as she has custody of Child's siblings.[2] In an order entered that same day, the dependency court entered a dependency court protective order in favor of Child and her resource parent. Specifically, the court ordered Maternal Aunt to "refrain from any contact directly or indirectly with the above-named person(s)/witness(es) to be protected (i.e., no telephone contact, no verbal contact, no third party contact, no eye contact, no written contact and no physical contact) and to refrain from any and all intimidation personally [or] by family and/or friends." Dependency Court Protective Order, 7/1/19. This protective order was valid until July 1, 2020. *Id.*

On August 11, 2020, Maternal Aunt filed her Motion to File Nunc Pro Tunc, *pro se*, seeking to appeal the dependency court's July 1, 2019, protective order. Maternal Aunt averred she was not given notice of the July 1, 2019, hearing and did not receive the order until after the appeal period

_____

[1] Both Father and Mother separately appealed such determinations which panels of this Court affirmed. **See** Superior Court Docket Nos. 3044-3045 EDA 2018, and 3086 & 3093 EDA 2018.

[2] This motion was denied on August 19, 2020. **See** Permanency Review Order, 8/19/20. Notably, Maternal Aunt further indicates she currently has an adoption petition for Child pending.

expired. Motion for Nunc Pro Tunc, 8/11/20. By order dated and entered August 12, 2020, the court denied Maternal Aunt's motion.

Thereafter, on September 10, 2020, Maternal Aunt filed a *pro se* notice of appeal, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). The dependency court filed a Rule 1925(a) Opinion on November 4, 2020.[3, 4]

---

[3] We observe that other family members, namely Maternal Grandmother, were involved in litigation in this matter throughout its pendency. **See** Docket.

[4] On November 5, 2020, the dependency court forwarded the certified record. The court notes the limited nature of the documents contained therein in order to prevent unauthorized access. **See** Letter, 11/5/20 (stating, in part, "In accordance with statute, rule, sealing order of the trial court, or Public Access Policy of the Supreme Court of Pennsylvania, I have only attached limited documents, in order to prevent unauthorized access."). Review of related appeals surrounding this matter, in particular that of Maternal Grandmother from a denial of a motion to intervene, reveal that unauthorized access to record documents presented an issue. In that appeal, this Court entered the following order,

1. Appellant's brief is **STRICKEN**.

2. The briefing schedule is suspended.

3. Appellant is directed to return to the Philadelphia Court of Common Pleas the confidential child welfare records, and copies of any such records, including all transcripts in her possession.

4. The record is remanded to the trial court for (7) seven days for removal of the confidential child welfare records and transcripts.

5. The Prothonotary of this Court is directed to send a copy of this order to the Honorable Vincent W. Furlong and attach a copy of this motion.

On appeal, Maternal Aunt raises the following issues for our review:

1. Did the court err and violate the basic tenets of due process by not providing [Maternal Aunt] notice of the hearing, the opportunity to prepare a proper defense, to secure legal representation and the opportunity to be heard?

2. Did the Judge err by denying [Maternal Aunt] the right to a relationship with her biological relative who filed an adoption petition against the child's best interest?

Maternal Aunt's Brief at 2 (unnumbered).

Prior to reaching the merits of Maternal Aunt's claims on appeal, we examine the timeliness of Maternal Aunt's appeal and whether we appropriately have jurisdiction. On this topic, the dependency court stated,

On September 10, 2020, Maternal Aunt filed a Pro Se appeal for an Order denying a Nunc Pro Tunc Motion relating to an order entered on July 1, 2019. . . . The underlying appeal filed by Maternal Aunt is untimely and should be quashed. In the instant matter, the July 1, 2019 Order was entered on the trial court docket the same date. Thus, the appeal was required to be filed within thirty (30) days of July 1, 2019. Since the Maternal Aunt filed the appeal on September 10, 2020[,] the Superior Court is divested of jurisdiction as to the July 1, 2019 Order and the appeal must be quashed.

Dependency Court Opinion, 11/4/20, at 1 (citations omitted).

Pursuant to Pennsylvania Rule of Appellate Procedure 903, "the notice of appeal required by Rule 902 . . . shall be filed within 30 days after the entry

---

6. The briefing schedule shall be reset upon the filing of the proper trial court record with this Court, at that time appellant is directed to file a new brief that does not reference confidential information.

Order, 12/4/19.

***See In the Interest of N.J., A Minor***, 2066 EDA 2019 (Pa.Super. April 15, 2020) (unpublished memorandum at 3).

of the order from which the appeal is taken." Pa.R.A.P. 903(a); *see also* Pa.R.A.P. 108(b) ("The date of entry of an order . . . shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by [Pa.R.C.P.] 236(b)."); *see also Valley Forge Center Assoc. v. Rib-It/K.P., Inc.*, 693 A.2d 242 (Pa.Super. 1997) (this Court is without jurisdiction to excuse the failure to file a timely notice of appeal as the 30-day period for appeal must be strictly construed; untimely appeal divests this Court of jurisdiction).

Further, it is well-settled that, "[a]n appeal lies only from a final order, unless permitted by rule or statute." *Stewart v. Foxworth*, 65 A.3d 468, 471 (Pa.Super. 2013); *see also In the Interest of J.M.*, 219 A.3d 645, 650 (Pa.Super. 2019). Generally, a final order is one that disposes of all claims and all parties. *See* Pa.R.A.P. 341(b). In the context of dependency, this Court has further stated,

> ". . .[D]ue to dependency's unique nature, the fact that further proceedings are contemplated is not dispositive of the finality of the order. *In the Interest of J.L.*, 216 A.3d 233, 2019 WL 3295100, at 3 n.1 (Pa.Super. 2019). In the dependency context, the court "must examine the practical consequences of the order to determine if the party challenging it has effectively been put out of court." *In re Interest of M.B.*, 388 Pa.Super. 381, 565 A.2d 804, 806 (1989).

*J.M.*, 219 A.3d at 652.

Instantly, we decline to quash Maternal Aunt's appeal as untimely. We find that Maternal Aunt appealed the August 12, 2020, order denying *nunc pro tunc* relief in a timely manner. An appeal of the order dated and entered

August 12, 2020, was required to be filed by September 11, 2020. **See** Pa.R.A.P. 903(a); **see also** Pa.R.A.P. 903 Note (Pa.R.A.P. 107 incorporates by reference the rules of the Statute Construction Act of 1972, 1 Pa.C.S. 1901-1991. 1 Pa.C.S. 1908(2) provides for the omission of the last day on time which falls on a Saturday, Sunday, or legal holiday). Hence, Maternal Aunt filed a timely notice of appeal on September 10, 2020. Moreover, as the order denied *nunc pro tunc* relief, we further determine that it was a final, appealable order. Notwithstanding, we find the issues Maternal Aunt has raised on appeal relate to the protective order of July 1, 2019, and are waived.

Maternal Aunt initially asserts her due process rights with regard to the July 1, 2019, order have been violated due to her lack of notice of the hearing and her inability to secure counsel, prepare a defense, and be heard. Maternal Aunt's Brief at 7-9 (unnumbered). Maternal Aunt further maintains that the dependency court denied the constitutional right to a secure and stable family

relationship.[5, 6]  *Id.* at 9-14 (unnumbered).  Maternal Aunt, however, failed to

appeal the July 1, 2019 order.[7]  Such order was a final, appealable order;

thus, Maternal Aunt's issues on appeal as they relate to that order are waived.

---

[5] Maternal Aunt argues, in part, that the dependency court was by its own admission improperly entering orders due to pending adoption.  Maternal Aunt's Brief at 11-12 (unnumbered).  Notably, an appeal of a denial of Maternal Grandmother's motion to intervene was remanded at the request of the dependency court as the matter was under the jurisdiction of the adoption court at the time.  *See In the Interest of N.J., A Minor*, 2066 EDA 2019 (Pa.Super. April 15, 2020) (unpublished memorandum at 2, 4).  The docket reflects that the dependency court has been holding various proceedings and issuing various orders since remand in April 2020.  The status of the adoption proceeding at the current time is unknown.

[6] We observe that Maternal Aunt's arguments are disorganized, disjointed and rambling, and at times mingled.  For this reason alone we could find waiver. It is axiomatic that:

> [a]ppellate briefs ... must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Id.* Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent [her]self in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing.

*In re Ullman*, 995 A.2d 1207, 1211-12 (Pa. Super. 2010), *appeal denied*, 20 A.3d 489 (Pa. 2011) (some citations omitted). *See also* Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of appellate brief).

[7] While Maternal Aunt appeals the August 12, 2020, order denying her request for *nunc pro tunc* relief, *See* Notice of Appeal, 9/10/20, the issues she raises do not pertain to the merits of that underlying order.  In fact, she states, "The record confirms that this court and DHS did not notify me of **the July 1, 2019**

Moreover, Maternal Aunt waived any challenge relating to the denial of *nunc pro tunc* relief as she failed to raise and address this issue in her Rule 1925(b) statement, in the Statement of Questions Involved section of her appellate brief, or the Argument portion thereof.[8] ***See Krebs v. United Refining Co.***, 893 A.2d 776, 797 (Pa.Super. 2006) (stating that a failure to preserve issues by raising them both in the concise statement of errors complained of on appeal and statement of questions involved portion of the brief on appeal results in a waiver of those issues); ***see also In re W.H.***, 25 A.3d 330, 339 n.3 (Pa.Super. 2011), *appeal denied*, 611 Pa. 643, 24 A.3d 364 (2011) (quoting ***In re A.C.***, 991 A.2d 884, 897 (Pa.Super. 2010)) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); ***see also In re M.Z.T.M.W.***, 163 A.3d 462, 465-66 (Pa.Super. 2017).

In addition, as the underlying July 1, 2019, protective order expired July 1, 2020, the matter is moot.

_____

**stay away order that I am appealing**," Maternal Aunt's Brief at 10 (unnumbered) (emphasis added).

[8] Instead, Maternal Aunt merely states, "The record confirms that this court and DHS did not notify me of the July 1, 2019 stay away order. . . . I received a copy of the stay order on July 28, 2020. I filed this Nunc Pro Tunc appeal on August 12, 2020. . . ." Maternal Aunt's Brief at 10. Critically, this is stated in passing in the context of Maternal Aunt's claims in opposition to the July 1, 2019 order.

As a general rule,

> an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

*In re D.A.*, 801 A.2d 614, 616 (Pa.Super. 2002).

The dependency court reasoned, "By way of further response, the underlying Order was valid until July 1, 2020. Consequently, the matter is now moot." Dependency Court Opinion, 11/4/20, at 1. We agree that because the July 1, 2019, protective order expired July 1, 2020, there is no longer a controversy and the matter is moot.

Nevertheless, this Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court. *Id.* However, as none of the enumerated exceptions to the mootness doctrine apply herein, we conclude that Maternal

Aunt's issues are moot and not subject to exception.[9]  Accordingly, there is no

controversy and we could not address the merits of Maternal Aunt's claim.[10]

---

[9] While Maternal Aunt suggests that this case falls within an exception "as a case that has important public policy considerations and yet may escape review," pointing to the temporary nature of stay away orders that often evade review before expiration, we disagree. Maternal Aunt's Brief at 7 (unnumbered).  The July 1, 2019, protective order was valid for one year and, as indicated above, Maternal Aunt had counsel involved at or around the time of its issuance.  Also, other family members were involved with litigation and Maternal Aunt suggests she had access to record documents.  ***Cf. see Snyder v. Snyder***, 629 A.2d 977, 980 n.1 (Pa.Super. 1993) (reviewing an expired six-month PFA order on the basis that it fell "into the well-recognized exception to the mootness doctrine of a case which has important public policy considerations and yet may escape review.").

[10] Even if Maternal Aunt had properly preserved her claims for appellate review and the matter had not been rendered moot, they would not merit relief. When examining the August 12, 2020, order denying *nunc pro tunc* relief, we are mindful of the following:

> Our Supreme Court has characterized the purpose of *nunc pro tunc* restoration of appellate rights as follows:

> > Allowing an appeal *nunc pro tunc* is a recognized exception to the general rule prohibiting the extension of an appeal deadline.  This Court has emphasized that the principle emerges that an appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances.  Generally, in civil cases an appeal *nunc pro tunc* is granted only where there was fraud or a breakdown in the court's operations through a default of its officers.

> ***Union Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Review of Allegheny Cty***., 560 Pa. 481, 746 A.2d 581, 584 (2000) (citations and internal quotation marks omitted).

Our standard of review over an order denying *nunc pro tunc* restoration of a petitioner's appellate rights is deferential:

> The denial of an appeal *nunc pro tunc* is within the discretion of the trial court, and we will only reverse for an abuse of that discretion. ***Freeman v. Bonner***, 761 A.2d 1193, 1194 (Pa.Super. 2000). In addition to the occurrence of "fraud or breakdown in the court's operations," *nunc pro tunc* relief may also be granted where the appellant demonstrates that "(1) [his] notice of appeal was filed late as a result of nonnegligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) [he] filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay." ***Criss v. Wise***, 566 Pa. 437, 781 A.2d 1156, 1159 (2001).
>
> ***Rothstein v. Polysciences, Inc.***, 853 A.2d 1072, 1075 (Pa.Super. 2004) (citations modified). "An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, or ill will." ***U.S. Bank N.A. v. Mallory***, 982 A.2d 986, 994 (Pa.Super. 2009).

***Vietri ex rel. Vietri v. Delaware Valley High School***, 63 A.3d 1281, 1284 (Pa.Super. 2013); ***see also Fischer v. UPMC Northwest***, 34 A.3d 115, 120 (Pa.Super. 2011). Further, "a petition to file an appeal *nunc pro tunc* must be filed within a reasonable time," regardless of the circumstance alleged. ***Amicone v. Rok***, 839 A.2d 1109, 1114 (Pa.Super. 2003) (citation omitted) (upholding denial of petition to file appeal *nunc pro tunc* where lengthy delay after expiration of the appeal period was coupled with the absence of a satisfactory explanation for the delay).

As to the circumstances and reasonableness surrounding the delay of Maternal Aunt's appeal, the dependency court stated, "Finally, [Maternal Aunt] alleges she received the Order after the appeal period ended. She does not indicate when she actually learned of the Order and how long it actually took to file the Nunc Pro Tunc Appeal. . . ." Dependency Court Opinion, 11/4/20, at 2. Upon review, we would agree.

For the foregoing reasons we affirm the order of the dependency court.

Order affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/9/21

---

In her Motion to File Nunc Pro Tunc, Maternal Aunt baldly stated, "I received the order after the appeal period expired." Motion to File Nunc Pro Tunc, 8/11/2020. In her brief she further indicated, "The record confirms that this court and DHS did not notify me of the July 1, 2019 stay away order. . . . I received a copy of the stay order on July 28, 2020. I filed this Nunc Pro Tunc appeal on August 12, 2020. . . ." Maternal Aunt's Brief at 10; **see also** Reply Brief at 1, ¶ 2 (stating that she "learned of" the order on July 28, 2020).

While the record suggests the dependency court did not send a copy of the July 1, 2019, order to Maternal Aunt or her counsel at the time,[10] **see** Docket, Maternal Aunt notes that counsel who filed her July 1, 2019, Motion to Intervene had been involved in and/or present for a hearing in some capacity shortly thereafter, in August 2019, although the extent of counsel's involvement is unclear. **See id.** at 3 (unnumbered). Moreover, other family members, notably, Maternal Grandmother, also have been involved in litigation in this matter throughout the last several years. **See** Docket. Significantly, in support of her opposition to the underlying July 1, 2019, protective order, Maternal Aunt cites to notes of testimony of various hearings in this matter as well as to other documents throughout her brief which suggests that she gained access to certain record documents. **See, e.g.** Maternal Aunt's Brief at 6. Accordingly, the record does not support a finding that Maternal Aunt's request for *nunc pro tunc* relief, filed over one year later, was filed within a reasonable period of time.

- 12 -