J-A02038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARY K. EMEIGH AND STACIE E. HAMMOND | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT D. HILEMAN | : | |
| | : | No. 802 WDA 2020 |
| Appellant | : | |

Appeal from the Order Dated June 26, 2020
In the Court of Common Pleas of Blair County Civil Division at No(s):
No. 2016 GN 3157

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED: JULY 8, 2021**

Scott D. Hileman appeals from the order denying his motion for reinstatement of his appeal rights. We conclude the trial court did not abuse its discretion in denying the motion and affirm the order.

In October 2016, Mary K. Emeigh and Stacie E. Hammond (collectively, "Plaintiffs") filed a partition action seeking the division of a property located in Frankstown Township, Blair County ("the Property"), which they own with Hileman as tenants in common. The trial court appointed Larry Lashinsky, Esquire ("Master") as a Master. The Master held a hearing and, in October 2019, he issued findings of facts and conclusions of law, which divided the Property into two parcels – Parcel A and Parcel B. Master's Report, Decision, and Proposed Order, filed Oct. 10, 2019, at Conclusions of Law at ¶¶ 8-10. The Master concluded that Plaintiffs should be awarded Parcel A and Hileman

should be awarded Parcel B. *Id.* He further found that Parcel B was worth more than Parcel A and concluded Hileman should pay Plaintiffs $25,039.00. Hileman filed exceptions.

On December 18, 2019, the trial court entered an order denying the exceptions and confirming the Master's report. This order was faxed to the attorneys for the parties and to the Master. The order required each counsel to prepare a deed for the parcel awarded to their respective clients, and directed the parties to execute the deeds within 15 days of receipt and return them to the Master.

Plaintiffs' counsel sent Hileman's counsel a letter dated January 24, 2020, and a deed. Hileman's counsel responded by letter dated February 12, 2020, and alleged he had no record of receiving the December 18, 2019 order. On March 3, 2020, Hileman filed a petition requesting a hearing on his exceptions and the reinstatement of his appellate rights *nunc pro tunc*.

At a hearing in June 2020, Hileman's counsel represented that he did not receive the order. N.T., 6/24/2020, at 3. He said he received the January 24 letter from Plaintiff's counsel and sent the February 12 response. *Id.* He further spoke with Plaintiffs' counsel in February. *Id.* at 4. He stated he did not know why he had not received the order, and that he filed the petition "pretty soon" after the January 24 letter "within the nature of the legal business within a week or two" and noted that he "wanted to consult with [his] client as to what to do." *Id.* at 5. He argued that Plaintiffs would not be

prejudiced, noting the parties own the Property as tenants in common, and "can each enjoy the whole." *Id.* at 6.

Plaintiffs countered that the petition was not timely, as Hileman's counsel had not verified that he did not receive the order, and that the motion for relief was filed more than 70 days after the order was faxed and more than 30 days after Plaintiffs' January 24 letter. *Id.* at 8, 12. Plaintiffs further argued they were prejudiced by the delay as the matter had been pending for almost four years and had been initiated because Hileman had interfered with their ability to use and enjoy the land. *Id.* at 12. They noted the hearing before the Master had occurred almost two years beforehand and that their "big concern all along has been the inability to use the property for hunting purposes without interference." *Id.* at 13. They said they wanted to have the matter resolved before hunting season. *Id.*

The trial court admitted into evidence the document faxed to both parties and the Master, which included the December 2019 signed order and opinion. *Id.* at 8. The court noted that the document included a fax confirmation receipt, and Hileman's counsel agreed that the fax was sent to the correct fax number. *Id.* at 9-10.

After the hearing, the trial court denied the petition. Hileman filed this appeal, and raises the following issue: "Whether the trial court abused its discretion or committed an error of law in denying [Hileman's] request for the reinstatement of his direct appeal rights *nunc pro tunc*?" Hileman's Br. at 4.

Hileman argues that the alleged lack of receipt of the order by the law firm qualified as non-negligent conduct sufficient to merit a *nunc pro tunc* appeal. He maintains that the court abused its discretion in finding he did not timely act. He argues that the court unfairly measured the time it took him to seek relief from the date of the December 2019 order. Hileman's Br. at 14. He states that after receiving the January 24 letter, he sent a letter in response on February 12 and had telephone conversations with Plaintiffs' counsel stating he intended to file a petition for a *nunc pro tunc* appeal. He states that he filed such a petition on March 3 after he was able to meet with Hileman. He therefore claims that he took proactive measures and the court "selective[ly] chose dates and lapses of time" that were "not consistent with or indicative of facts of record." ***Id.*** at 15.

Hileman further argues the court abused its discretion in finding prejudice. He notes much of the delay in the case could be attributed to the year-long wait between the partition hearing and the Master's report, and claims that because the parties own the property as tenants in common, "none of the legal rights of the parties to this action would be affected or prejudiced by granting *nunc pro tunc* relief." ***Id.*** at 18.

A court may allow an appeal *nunc pro tunc* "in certain extraordinary circumstances." ***Criss v. Wise***, 781 A.2d 1156, 1159 (Pa. 2001). Such circumstances include a breakdown in court systems, or where the party seeking relief proves that: (1) the failure to file a timely appeal was due to non-negligent circumstances, either as they relate to the appellant or the

appellant's counsel; (2) the party seeking relief did so within a reasonable time after the appellant or appellant's counsel learns of the failure to file the appeal and has an opportunity to address the issue; and (3) the delay has not prejudiced other parties. **See Amicone v. Rok**, 839 A.2d 1109, 1113 (Pa. Super. 2003). We review an order denying an appeal *nunc pro tunc* for an abuse of discretion. **Freeman v. Bonner**, 761 A.2d 1193, 1194 (Pa.Super. 2000).

Here, the trial court explained that, although Hileman's attorney asserted he had not received a copy of the December 18, 2019 opinion and final order, the court provided a copy to his attorney via facsimile on December 18, 2019, and had a confirmation of receipt. Trial Ct. Op., filed June 26, 2020, at 2. The court pointed out that appellant's counsel confirmed that the court had sent the fax to the correct fax number. **Id.** The court found that this evidence established that counsel's office received the order, and if counsel did not personally have notice of it at that time, that was due to the negligent operation of counsel's office, and not a breakdown in court operations. **Id.** at 3. The court thus determined that Hileman had failed to establish that the failure to file a timely appeal was the result of non-negligent circumstances. **Id.**

The court also concluded that Hileman had not acted with reasonable promptness. It noted, "[Hileman] was aware of the entry of the December 18, 2019 Order after being sent a cover letter dated January 24, 2020 and proposed deed by Plaintiff's counsel." **Id.** However, Hileman did not file the

- 5 -

petition to reinstate his appeal rights until March 3, 2020, "more than [70] days after entry of the December 18, 2019 Order and more than five (5) weeks after [Plaintiff's counsel's] correspondence." *Id.* Finally, the court concluded that Plaintiffs would suffer prejudice, as the matter had been ongoing for four years, and granting the petition would result in Plaintiffs missing a further hunting season, and they had purchased the property to use for hunting. *Id.*

The trial court did not abuse its discretion in denying Hileman's motion to reinstate his appeal rights *nunc pro tunc*. Hileman has not shown a breakdown in the court system, as the court faxed the opinion and order to his counsel's correct fax number, and the court did not abuse its discretion in finding Hileman did not prove that the failure to file a timely appeal was due to non-negligent conduct. Hileman's counsel does not dispute that his office received the documents and has offered no explanation as to why he allegedly did not see them. We thus affirm the denial of Hileman's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/8/2021