J-S32018-25                    2026 PA Super 12

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TEDD AND SHARON BIERNSTEIN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEEBANESE FOOD, LLC AND ALI KABALAN | : | |
| | : | |
| | : | No. 1876 MDA 2024 |
| Appellants | : | |

Appeal from the Judgment Entered March 3, 2025
In the Court of Common Pleas of Union County Civil Division at No(s):
21-0303, 22-0256

BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

CONCURRING OPINION BY STEVENS, P.J.E.:     **FILED: JANUARY 20, 2026**

While I agree with the result reached in the Majority opinion, I write

separately to highlight that the Pennsylvania Rules of Professional Conduct do

not specifically require sole practitioners to formulate a contingency plan for

the unexpected circumstances of their disability or death.  Pennsylvania Rule

of Professional Conduct 1.3 requires that "[a] lawyer shall act with reasonable

diligence and promptness in representing a client."  Pa.R.P.C. 1.3.  The

comment section to Rule 1.3 provides that

> [t]o prevent neglect of client matters in the event of a sole
> practitioner's death or disability, the duty of diligence *may require*
> that each sole practitioner prepare a plan, in conformity with
> applicable rules, that designates another competent lawyer to
> review client files, notify each client of the lawyer's death or
> disability, and determine whether there is a need for immediate
> protective action.  *Cf*. Rule 28 of the American Bar Association

_____

[*] Former Justice specially assigned to the Superior Court.

> Model Rules for Lawyer Disciplinary Enforcement (providing for court appointment of a lawyer to inventory files and take other protective action in absence of a plan providing for another lawyer to protect the interests of the clients of a deceased or disabled lawyer).

Pa.R.P.C. 1.3, cmt 5 (emphasis added).  Given that the plain language of Rule 1.3 does not create an explicit mandate for attorneys to formulate and implement contingency plans to anticipate disability or death, this Court should not create such a procedural rule or requirement.[1]  ***See Commonwealth v. Liston***, 602 Pa. 10, 977 A.2d 1089, 1093 (emphasizing that "[t]he power to establish rules of procedure rests exclusively" in the Supreme Court). The Majority cannot usurp the power of the Supreme Court by making a sweeping policy decision creating a new rule of procedure.

Even so, neither Rule 1.3 nor its relevant comments should be used as a basis upon which to preclude a trial court from granting a petition to file an appeal *nunc pro tunc* when there is no evidence that the petitioner's attorney had a contingency plan to anticipate his or her sudden disability.  "The Rules of Professional Conduct do not carry the force of substantive law, nor do they broaden an attorney's duties in civil legal proceedings; instead, they are a basis upon which to sanction a lawyer through the disciplinary process." ***In re Adoption of M.M.H.***, 981 A.2d 261, 273 (Pa.Super. 2009) (citing ***In re Estate of Pedrick***, 505 Pa. 530, 482 A.2d 215, 217 (1984)).

---

[1] However, while Rule 1.3 does not contain an express requirement that attorneys create succession plans, it would be wise for all attorneys to contemplate how their firm would function in the event of their incapacity or death in order to protect their clients in circumstances where the attorney is no longer able to perform his or her legal duties.

Nevertheless, I agree with the Majority's finding that the trial court did not have the authority in this case to grant Tedd and Sharon Biernstein ("the Landlords") the ability to file an appeal *nunc pro tunc* in case 21-0303 when the Landlords had not shown that the delay in filing their appeal was caused by extraordinary circumstances involving fraud, a breakdown in the court's operations, or a non-negligent happenstance justifying relief. ***Freeman v. Bonner***, 761 A.2d 1193, 1195 (Pa.Super. 2000) (citations omitted).

Accordingly, I concur in the result of this decision.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 01/20/2026